**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| M. MAROPAKIS CARPENTRY, INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 03-2825C |
| v. | ) | |
| | ) | (Judge Christine Miller) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S ANSWER AND COUNTERCLAIM**

For its answer to the plaintiff's complaint, defendant, the United States, admits, denies and alleges as follows:

1. Denies the allegations contained in Paragraph 1 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

2. Admits.

3. Admits.

**Jurisdiction**

4. The allegations in Paragraph 4 constitute legal conclusions and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

5. The allegations in Paragraph 5 are legal conclusions to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

**Background Facts**

6. Admits the allegations contained in Paragraph 6 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in Paragraph 6.

7. Admits the allegations contained in Paragraph 7 to the extent supported by the contract cited, which is the best evidence of its contents, otherwise denies the allegations contained in Paragraph 7.

8. Denies the allegations contained in Paragraph 8. Avers that the pre-award amendment 0002 increased the time of performance to 270 days.

9. Admits the allegations contained in Paragraph 9 to the extent supported by the documents cited, which are the best evidence of their contents; otherwise denies the allegations contained in Paragraph 9.

10. Denies. Avers that plaintiff has been fully compensated for any Government-caused delay.

11. Admits the allegations contained in Paragraph 11 to the extent supported by the documents cited, which are the best evidence of their contents; otherwise denies the allegations contained in Paragraph 11.

12. Admits.

13. The allegations contained in Paragraph 13 constitute plaintiff's characterization of its case, to which no answer is required.

**Delays, Impacts, and Disruptions**

14. Denies.

*Impacts Due To Non-Traditional Window Specifications*

15. Admits the allegations contained in Paragraph 15 to the extent supported by the referenced contract provisions, which are the best evidence of their contents; otherwise denies the allegations contained in Paragraph 15.

16. Admits the allegations contained in Paragraph 16 to the extent supported by the referenced contract provisions, which are the best evidence of their contents; otherwise denies the allegations contained in Paragraph 16.

17. Denies.

18. Denies.

19. Denies. Avers that, prior to the award, the Government changed the performance time to 270 days.

20. Denies.

21. Denies the allegations contained in Paragraph 21 for lack of knowledge or information sufficient to form a belief as to the truth of the matter asserted.

22. Denies the allegations contained in Paragraph 22 for lack of knowledge or information sufficient to form a belief as to the truth of the matter asserted.

23. Denies the allegations contained in Paragraph 23 for lack of knowledge or information sufficient to form a belief as to the truth of the matter asserted.

24. Denies the allegations contained in Paragraph 24. Avers that plaintiff requested a list of window manufacturers on August 19, 1999 and that the Navy provided such a list on August 23, 1999. Thereafter, plaintiff requested another list, which the Navy provided on October 22, 1999.

25. Admits to the extent supported by the August 23, 1999 correspondence cited, which is the best evidence of its contents, otherwise denies the allegations contained in Paragraph 25.

26. Denies the allegations contained in Paragraph 26 for lack of knowledge or information sufficient to form a belief as to the truth of the matter asserted.

27. Admits.

28. Admits the allegations contained in Paragraph 28 that the Navy denied plaintiff's request; denies the allegation contained in Paragraph 28 that the denial was arbitrary.

29. Admits the allegations contained in Paragraph 29 to the extent supported by the September 20, 1999 letter cited, which is the best evidence of its contents; otherwise denies the allegations contained in Paragraph 29.

30. Admits the allegations contained in Paragraph 30 to the extent supported by the October 22, 1999 letter cited, which is the best evidence of its contents; otherwise denies the allegations contained in Paragraph 30.

31. Denies the allegations contained in Paragraph 31 for lack of knowledge or information sufficient to form a belief as to the truth of the matter asserted.

32. Admits the allegations contained in Paragraph 32 to the extent supported by the October 29, 1999 letter cited, which is the best evidence of its contents; otherwise denies the allegations contained in Paragraph 32.

33. Admits the allegations contained in Paragraph 33 to the extent supported by the November 24, 1999 Navy letter in response to Marokapis, which is the best evidence of its contents; otherwise denies the allegations contained in Paragraph 33.

34. Admits the allegations contained in Paragraph 34 to the extent that the Navy allowed that it would not terminate the contract for default if it were completed by August 15, 2000; denies the remaining allegations contained in Paragraph 34.

35. Denies.

36. Denies.

37. Denies.

38. Denies.

39. Denies.

*Impacts and Delay Due to the Unanticipated Presence of Lead Paint*

40. Admits. Avers that Modification P00001 compensated plaintiff for any delay.

41. Denies.

42. Admits. Avers that Modification P00001 compensated plaintiff for such unexpected conditions.

43. Admits the allegations contained in Paragraph 43 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in Paragraph 43.

44. Denies.

45. Denies. Avers that pre-award amendment 0002 increased the performance period to 270 days.

46. Admits.

47. Denies the allegations contained in Paragraph 47 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

48. Denies the allegations contained in Paragraph 48 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

49. Admits.

50. Admits the allegations contained in Paragraph 50 except to the extent that plaintiff implies that the Government did not obtain samples as "expeditiously" as possible.

51. Admits.

52. Admits the allegations contained in Paragraph 52 to the extent supported by the test results cited, which are the best evidence of their contents; otherwise denies the allegations contained in Paragraph 52.

53. The allegations contained in Paragraph 53 constitute legal conclusions and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

54. Admits the allegations contained in Paragraph 54 to the extent supported by the April 26, 2000 letter cited, which is the best evidence of its contents; otherwise denies the allegations contained in Paragraph 54.

55. Denies. Avers that this issue was discussed on May 5, 2000, as confirmed by plaintiff's May 8, 2000 letter.

56. Admits the allegations contained in Paragraph 56 to the extent supported by the June 7, 2000 letter cited, which is the best evidence of its contents; otherwise denies the allegations contained in Paragraph 56.

57. Admits the allegations contained in Paragraph 57 to the extent supported by the modification cited, which is the best evidence of its contents; otherwise denies the allegations contained in Paragraph 57.

58. Denies.

59. Denies the allegations contained in Paragraph 59. Avers that plaintiff has been compensated for all costs and delays through Modification P00001.

60. Admits the allegations contained in Paragraph 60 to the extent that plaintiff was

delayed 14 days, as set forth in Modification P00001. Denies all other allegations.

61. Denies.

*Impact and Delay Relating to Roof Materials*

62. Denies

63. Admits.

64. Admits.

65. Admits.

66. Denies the allegations contained in Paragraph 66. Avers that the Government did not object to the asphalt at the time of delivery. Avers, however, that the contract did not permit plaintiff to use the asphalt.

67. Denies.

68. Admits. Avers that the contract, as amended prior to award, required plaintiff to use polyurethane foam as an adhesive instead of asphalt.

69. Denies.

*Delay Due to Unusually Severe Weather Conditions*

70. Denies.

71. Admits the allegations contained in Paragraph 71 to the extent that plaintiff alleges 64 days of delay; denies all other allegations contained in Paragraph 71.

72. Denies.

**Procedural History**

73. Admits the allegations contained in Paragraph 73 to the extent supported by the August 20, 2001 letter cited, which is the best evidence of its contents; otherwise denies the

allegations contained in Paragraph 73.

74. Admits the allegations contained in Paragraph 74 to the extent supported by the August 20, 2001 letter cited, which is the best evidence of its contents; otherwise denies the allegations contained in Paragraph 74.

75. Denies the allegations contained in Paragraph 75. Avers that, by letter dated August 28, 2001, the Government notified plaintiff that it had not presented sufficient justification to warrant the time extension requested. The Government went on to briefly explain why plaintiff was not entitled to a time extension.

76. Admits.

77. Admits the allegations contained in Paragraph 77 to the extent supported by the July 22, 2002 letter cited, which is the best evidence of its contents; otherwise denies the allegations contained in Paragraph 77.

78. Admits the allegations contained in Paragraph 78 to the extent that plaintiff submitted additional documents to the Government on October 31, 2002; denies all remaining allegations contained in Paragraph 78.

79. Admits the allegations contained in Paragraph 79 to the extent supported by the documents cited, which are the best evidence of their contents; otherwise denies the allegations contained in Paragraph 79.

80. Admits the allegations contained in Paragraph 80 to the extent supported by the documents cited, which are the best evidence of their contents; otherwise denies the allegations contained in Paragraph 80.

81. Denies the allegations contained in the first clause of Paragraph 81 for lack of

knowledge or information sufficient to form a belief as to the truth of the matter asserted; the allegations contained in the second clause of Paragraph 81 constitute legal conclusions to which no answer is required; to the extent the may be deemed allegations of fact, they are denied.

82. The allegations contained in Paragraph 82 constitute legal conclusions and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

83. The allegations contained in Paragraph 83 constitute legal conclusions and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

84. Admits the allegation contained in Paragraph 84 that the Government has denied plaintiff's claim; denies all remaining allegations contained in Paragraph 84.

85. Denies.

86. Denies the allegations contained in Paragraph 86. Avers that the Government issued a modification compensating plaintiff for legitimate increased costs of its work.

87. Denies.

88. Denies the plaintiff is entitled to the relief set forth in the prayer for relief immediately following Paragraph 87, or to any relief whatsoever.

89. Denies each and every allegation not previously admitted or otherwise qualified.

**DEFENDANT'S COUNTERCLAIM**

1. This Court possesses jurisdiction to entertain the Government's counterclaim pursuant to 28 U.S.C. § 1503 and 28 U.S.C. § 2508.

2. As a result of plaintiff's failure to perform its contractual obligations, the Government suffered a loss in the amount of the difference between the remaining contract balance, $244,035 and liquidated damages of $303,550, pursuant to Rule 13(a) of the Court of Federal Claims, defendant makes this counterclaim for costs against the plaintiff arising out of the transaction that is the subject matter of plaintiff's claim and does not require the presence of a third party or parties of whom the court cannot acquire jurisdiction.

3. After notifying the plaintiff and receiving no response, contracting officer, Richard G. Smith, on December 20, 2002 issued Final Decision #03-002F demanding that amount of $59,514 and advising plaintiff that interest would accruse from the date of the June 28, 2002 demand letter.

Wherefore, defendant requests that plaintiff's complaint be dismissed, that defendant's counterclaim be granted, and that the Court grant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Robert E. Kirschman, Jr.
ROBERT E. KIRSCHMAN, JR.

Assistant Director

s/ James D. Colt
JAMES D. COLT
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, NW
Washington, D.C. 20530
Tel: (202) 514-7300
Fax: (202) 307-0972

March 24, 2004

Attorneys for Defendant

**CERTIFICATE OF SERVICE**

I hereby certify that on this 24th day of March, 2004, a copy of the foregoing DEFENDANT'S ANSWER AND COUNTERCLAIM was filed electronically. I understand that notice of this filing will be sent to all parties of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ James D. Colt