**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **M. MAROPAKIS CARPENTRY, INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 03-2825C** |
| | ) | **(Judge Baskir)** |
| **THE UNITED STATES,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**JOINT PRELIMINARY STATUS REPORT**

______Pursuant to Appendix A, Part III, of the Rules of the United States Court of Federal Claims ("RCFC"), the parties submit the following Joint Preliminary Status Report.

**1. Jurisdiction**

______M. Maropakis Carpentry ("Maropakis") asserts jurisdiction pursuant to the Tucker Act, 28 U.S.C. § 1491, and the Contract Disputes Act of 1978, 41 U.S.C. § 601 et seq.. At this time, the United States knows of no reason to question the Court's jurisdiction.

**2. Consolidation**

______This case should not be consolidated with any other case.

**3. Bifurcation**

______The parties agree that the trial of liability and damages should not be bifurcated.

**4. Deferral**

______The parties are not aware of any related cases currently pending in this or any other tribunal and, accordingly, the proceedings in this case should not be deferred pending consideration of any other case.

**5. Remand/Suspension**

______Neither party will seek to remand or suspend this case.

**6. Joinder of Additional Parties**

______At this time, neither party intends to join additional parties.

**7. Motions Pursuant to RCFC 12(b), 12(c) or 56**

______No motions pursuant to RCFC 12(b), 12(c) or 56 have been filed. At this time, the parties have not determined whether they will file any dispositive motions following the close of discovery.

**8. Relevant Issues**

______In April 1999, the parties entered into Contract # N 62472-97-C-4116 for the replacement of a roof, windows, light fixtures and associated work at Building 110 at the Naval Inventory Control Point ("NICP") at Mechanicsburg, Pennsylvania. The initial contract documents required that work would be completed within 210 calendar days at a price of $1,288,940. The contract price was increased several times following the contract award and the completion date was extended with subsequent delays throughout the project. The contract contains a liquidated damages provision which entitles the Government to liquidated damages if the project was not completed within the time specified in the contract or any extension.

Maropakis eventually completed the work after additional delays. The parties disagree whether the amount of delay that ensued was caused by and the responsibility of Maropakis or the Government. The parties also disagree whether the Government acceded to the extent of delay or merely indicated that it would not terminate the contract as a result of delay. As a result, the parties disagree whether the Government is entitled to any liquidated damages. Maropakis and the Navy disagree whether the window specifications were unusual and, if so, whether the Navy was dilatory in providing necessary manufacturer information. The parties also dispute

whether the Navy should have known of the presence of lead paint and whether the Navy adequately compensated Maropakis for any delay caused by the discovery of lead paint. The parties disagree whether it was unreasonable for the Navy to not allow Maropakis to begin roof work while work on the windows was not complete and whether the Navy had agreed to allow Maropakis to use asphalt rather than polyurethane foam on the roof. Finally, the parties disagree whether the weather was unusually harsh and justified delay on work.

Maropakis seeks payment of $244,036.00 for work performed as well as interest and costs and attorney fees and a recission of the liquidated damages assessed by the Government. The Government claims liquidated damages in the amount of $303,550 for what it maintains was un-excused delay and has made a counterclaim for $59,514, which is the difference between the amount it agrees it owes Maropakis for the work performed and the liquidated damages it believes it is owed.

**9. Settlement**

______At this time, the parties believe it is too early in the litigation to provide an opinion as to the likelihood of settlement. The parties will consider settling some or all of the claims as this litigation progresses.

**10. Trial**

______If this matter cannot be resolved through settlement, the parties anticipate that the case will proceed to trial if dispositive motions are not filed or, if filed, are not sustained. Neither party requests an expedited trial schedule.

**11. Electronic Case Management**

______There are no problems of which either party is aware with regard to the electronic filing

of documents in this matter.

**12. <u>Additional Issues</u>**

The parties are unaware of any additional information that the Court should be aware of at this time.

**13. <u>Proposed Discovery Plan</u>**

Pursuant to RCFC Appendix A, ¶ 5, the parties propose the following discovery plan:

a. Initial Disclosures pursuant to RCFC 26(a)(1) shall be served on or before August 2, 2004.

b. The parties propose that, without leave of Court or written stipulation, a party may serve upon any other party up to 35 interrogatories, including all discrete subparts, pursuant to RCFC 33.

c. All fact discovery in this action shall be completed on or before February 1, 2005.

d. Expert witnesses shall be disclosed on or before February 15, 2005, expert reports pursuant to RCFC 26(a)(2)(B) shall be exchanged on or before March 1, 2005, and that expert discovery, including any depositions, shall be completed by April 15, 2005.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Robert E. Kirschman, Jr.
ROBERT E. KIRSCHMAN, JR.
Assistant Director

s/Kelly H. Decker
KELLY H. DECKER
114 North Second Street
Harrisburg, PA 17101
(717) 238-9300

Attorneys for Plaintiff

s/James D. Colt
JAMES D. COLT
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L. Street, NW
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
(202) 514-7300

Attorneys for Defendant

May 28, 2004

**CERTIFICATE OF SERVICE**

______I hereby certify that on this 28th day of May, 2004, a copy of the foregoing JOINT PRELIMINARY STATUS REPORT was filed electronically. I understand that notice of this filing will be sent to all parties of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ James D. Colt