IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| M. MAROPAKIS CARPENTRY, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 03-2825C |
| v. | ) | |
| | ) | (Judge Baskir) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S OPPOSITION TO PLAINTIFF'S
MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT

Pursuant to Rules 7.1 and 15(a) of the Court of Federal Claims ("RCFC"), defendant, the United States, respectfully submits the following brief in opposition to plaintiff's motion to amend its complaint. For reasons discussed herein, we respectfully request that this Court deny the plaintiff's July 6, 2005, motion to amend its complaint after the close of discovery and less than one month prior to the Government's scheduled motion for summary judgment.

QUESTIONS PRESENTED

Whether justice requires this Court to allow the plaintiff, more than one and one-half years after filing this action, to amend its complaint after the close of discovery, and on the eve of the defendant's motion for summary judgment.

## STATEMENT OF FACTS

On December 17, 2003, plaintiff, M. Maropakis Carpentry, Inc. ("Maropakis"), filed the above-titled action in this Court. Pl's Ex. C at 1. In its complaint, Maropakis sought a judgment negating a contracting officer's decision that assessed $650 per day in liquidated damages for a total of 467 days of delay in the project's completion. Id. at 9.

Maropakis' complaint alleged that the delay in the project was permissible because the contract Maropakis signed had "non-traditional window specifications" which "made it far more difficult for Maropakis to meet the contract requirements." Id. at ¶¶ 15-39. Maropakis further alleged that the Navy had delayed in helping it to find a manufacturer capable of producing the windows in question and had refused to allow it to proceed with roof work prior to the completion of window work. Id. at ¶¶ 29-36. Maropakis alleged that, because of this, the project had experienced an excusable 219-day delay. Id. at ¶ 39.

Maropakis further alleged that it had discovered lead paint on the window panes, which made the removal and disposal of the original windows more problematic and resulted in an additional excusable 122-day delay in project completion. Id. at ¶¶40-61. In addition, Maropakis alleged

that the Navy had "tacitly accept[ed]" the delivery of asphalt materials and that its insistence upon the use of a non-asphalt adhesive in accordance with the contract created a further excusable 20-day delay. Id. at ¶¶ 62-69. Finally, Maropakis alleged that unusually inclement weather had resulted in a further 64 days of excusable delay. Id. at ¶¶ 70-72. Maropakis alleged that, because these days were allegedly excusable, the Navy should not have assessed liquidated damages.

The Joint Preliminary Status Report defined the issues of the case in the following way:

> The parties disagree whether the amount of delay that ensued was caused by and the responsibility of Maropakis or the Government. The parties also disagree whether the Government acceded to the extent of delay or merely indicated that it would not terminate the contract as a result of delay. As a result, the parties disagree whether the Government is entitled to any liquidated damages. Maropakis and the Navy disagree whether the window specifications were unusual and, if so, whether the Navy was dilatory in providing necessary manufacturer information. The parties also dispute whether the Navy should have known of the presence of lead paint and whether the Navy adequately compensated Maropakis for any delay caused by the discovery of lead paint. The parties disagree whether it was unreasonable for the Navy to not allow Maropakis to begin roof work while work on the windows was not complete and whether the Navy had agreed to allow Maropakis to

> use asphalt rather than polyurethane foam on the roof. Finally, the parties disagree whether the weather was unusually harsh and justified delay on work.

The parties agreed upon a proposed discovery schedule which they filed with this Court on May 28, 2004.

On September 17, 2004, this Court issued an order establishing a schedule for discovery, which was to conclude on May 2, 2005, later extended upon plaintiff's motion until May 6, 2005. On June 14, 2005, after several extensions of time, the parties filed a Joint Status Report, in which they both suggested a schedule for briefing summary judgment motions. This Court's June 16, 2005, order required that summary judgment briefing would begin no later than August 1, 2005.

On the afternoon of June 15, 2005, counsel for Maropakis sent Government counsel an electronic message seeking the defendant's consent to an attached First Amended Complaint. Pl.'s Mot. Ex. B. The proffered amended complaint alleged that "[t]he [Contract] specifications required a window which does not exist" because they required window characteristics that exceeded the requirements of "industry standards." Pl.'s Mot. Ex. A. at ¶¶ 11-31. The allegation that the alleged window problems had cause 219 days of excusable delay was not included in the

proposed amended complaint. The complaint also alleges that lead paint and the Navy's insistence upon the use of non-asphalt adhesive on the roof caused excusable delay, though it no longer includes the earlier specific insistence that these sources of alleged delay caused over 140 days of excusable delay. Maropakis further acknowledges that "the contract documents provided that Maropakis was required to complete removal and replacement of the monitor windows [prior to] removal and replacement of the roof," but it complains that the Navy's insistence upon adherence to this sequence of work caused "delay" and "cost" which it does not specify. Id. at ¶¶ 45-47. Maropakis's proposed amended complaint abandons the claim that inclement weather caused 64 days of excusable delay, although it does not claim a corresponding reduction in the delay to which it alleged it should be entitled. The proferred amended complaint adds allegations that the Navy improperly reviewed submittals, without any specification of the delay attributable to such allegedly faulty review and alleges that liquidated damages were improper because it claims that the Navy did not suffer costs justifying such damages. Id. at 48-52.

On June 16, 2005, Government counsel informed Maropakis that it would not consent to the proposed First Amended Complaint. On July 6, 2005, Maropakis made a motion requesting that this Court allow it to file a new complaint.

## ARGUMENT

Maropakis filed its complaint alleging various causes of excusable delay over one and one-half years ago. Defendant has answered the complaint, and proceeded with discovery pursuant to that complaint. With the completion of discovery more than two months ago, both parties have suggested a schedule for summary judgment briefing without any suggestion from the plaintiff that it would move to file a different complaint, and this Court has issued an order establishing a schedule to brief summary judgment. Pursuant to RCFC 15(a), under the circumstances of this case, Maropakis may amend its complaint at this stage "only by leave of [this] court or by written consent of the adverse party . . . ." Though this Court may give leave to amend "when justice so requires," such liberality is not unlimited. See, e.g., E.W. Bliss Co. v. United States, 77 F.3d 445, 449-50 (Fed. Cir. 1996); First Interstate Bank of Billings v. United States, 61 F.3d 876 (Fed. Cir. 1995); Te-Moak Bands of Western Shoshone

Indians of Nevada v. United States, 948 F.2d 1258 (Fed. Cir. 1991). "The decision whether to allow leave to amend pleadings . . . is within the sound discretion of the trial court." First Interstate Bank, 61 F.3d at 881 (citing Te-Moak Bands, 948 F.2d at 1260). Courts will deny motions to amend a complaint because of 1) undue delay, 2) bad faith, 3) concerns that the party seeking to amend has a dilatory motive, 4) if the party seeking to amend has repeatedly failed to cure deficiencies, 5) if there is undue prejudice to the opposing party, or 6) if the proposed amendment would be futile. Te-Moak Bands, 948 F.2d at 1260-61 (citing Forman v. Davis, 371 U.S. 178, 182 (1962)).

As this Court has recognized, the "existence of any one of [the above factors] is sufficient to deny a motion to amend, the theory being that the amendment would not be necessary to serve the interests of justice under the circumstances." Alfa Laval Separation, Inc. v. United States, 47 Fed. Cl. 305, 312 (2000) (quoting Spalding & Son, Inc. v. United States, 22 Cl. Ct. 678, 680 (1991)); see also Hays v. United States, 16 Cl. Ct. 770, 772 (1989). As we demonstrate below, Maropakis is attempting to make fundamental and fruitless changes that it could have proposed much earlier and which, if made now would unduly prejudice the defendant.

## I. Because Maropakis Is Belatedly Raising Arguments That It Could Have Raised Much Earlier, Is Should Not Be Allowed To Amend

Maropakis filed this lawsuit alleging entitlement to a project extension and it therefore should have been aware from the start of what allegedly caused its work to be excusably delayed. The United States Court of Appeals for the Federal Circuit has acknowledged that complaint amendments may be disallowed where there was a "possibility of earlier curing." To-Moak Bands, 948 F.2d at 1262. "A litigant's failure to assert a claim as soon as [it] could have is properly a factor to be considered in deciding to grant leave to amend." Id. at 1261 (quoting Carson v. Polley, 689 F.2d 562, 584 (5th Cir. 1982)). After a significant delay, the burden shifts to the party seeking amendment to show the reasonableness of its delay. Id. at 1263.

Maropakis originally claimed that it was delayed in finding a manufacturer to make the specified windows, which delayed project completion. However, it now wants to claim that such windows do not exist. Pl.'s Ex. A at ¶¶ 11-31. The Government denies this new contention. However, more fundamentally, the ANSI/AAMA "industry standards" upon which Maropakis' new allegations rely are publicly available and would have been available to Maropakis at the time that it bid

on the contract, throughout the course of its completion of the project, and prior to filing this action. There is no excuse in Maropakis waiting till well after the close of discovery and the eve of summary judgment to fundamentally change its alleged justification for project delay based upon information to which it has long had access.

Maropkais also wants to add allegations that the Navy improperly reviewed submittals, and that liquidated damages were unfair, although it could have asserted that its submittals were improperly handled and the liquidated damages were not permissible during discovery and certainly prior to agreeing to a briefing schedule for summary judgment. Maropakis' proffered amended complaint drops its original allegation that unusually inclement weather caused 64 days of excusable delay, without making a corresponding reduction in the excusable project delay that it seeks. However, this is another change that Maropakis could have made prior to filing its case and certainly prior to the end of discovery. Because Maropakis could have changed its allegations either prior to filing this lawsuit or prior to the end of discovery, justice does not require that this Court allow it to change the basis of its case at this point.

## II. Maropakis' Delay In Adding This New Argument Is Unduly Prejudicial

In addition to being proposed after unnecessary delay, amendment now would be prejudicial. We have already demonstrated how Maropakis could have made its different allegations about the windows and other aspects of its case much sooner. Maropakis' proposed amended complaint would change fundamental aspects of the case on the eve of summary judgment. In general, this Court has taken a dim view of plaintiffs who "shift[ ] ground, discarding theories and offering new ones." Griffy's Landscape Maintenance, LLC v. United States, 51 Fed. Cl. 667, 670 (2001).

Maropakis' proposed complaint amendment does not add clarity to this lawsuit and, in fact, makes its allegations less clear. While it started this lawsuit with a complaint enumerating the number of alleged days of allegedly excusable delay due to the difficulty finding a window manufacturer, the lead paint, and inclement weather each, its proposed amended complaint does not enumerate the amount of delay attributable to each alleged cause. Indeed, the proposed amendment does not specify the total number of days that the project was excusably delayed other than generally to seek a "compensable extension of time." Pl.'s Ex. A at ¶ 56.

Maropakis's amended complaint omits allegations that were covered in discovery, such as the claims of delay due to inclement weather. However, it does not seek a commensurate reduction in the amount of excusable delay that it originally claimed due to inclement weather. This diminished clarity at this late stage of these proceedings does not serve the interests of justice.

We had planned to answer allegations that the Navy had specified windows that were not traditional and that Maropakis was excusably delayed in finding such windows. But the amended complaint would force us to answer the allegations that the windows specified by the project that Maropakis completed "do[ ] not exist." Pl.'s Ex. A at 2. In addition, Maropakis seeks to add new allegations regarding submittal review that "impacted [its] work and caused it to incur additional costs" and an allegation that the $650 per day in contractually-mandated liquidated damages were "improper" even though it does not enumerate the alleged costs resulting from allegedly faulty submittal review and there were never any interrogatories or discovery requests related to such allegations. In addition, Maropakis' RCFC 30(b)(6) deponent did not allege that the windows specified did not exist, or that the Navy was ever informed of such

a fundamental alleged problem. Maropakis is attempting to change the nature of its allegations on the eve of summary judgment. Justice does not require allowing Maropakis to fundamentally shift its defining allegations at this stage of its lawsuit.

III. Maropakis' Proposed Complaint Amendment Would Be Futile

At the same time, some of Maropakis' proposed amended complaint does not state a valid claim. Maropakis' challenge to the propriety of contractually mandated liquidated damages because the Navy allegedly did not incur costs due to project delay ignores the fact that, "[t]he law is clear that liquidated damages can be imposed even though, in fact, the damages sustained are less than those to which the parties stipulated. Liquidated damage awards have been upheld in cases in which no actual damages were sustained [and that the] reasonableness of a stipulated liquidated damages amount should be determined at the time a contract is executed." Cegers v. United States, 7 Cl. Ct. 615, 620 (1985) (citations omitted); see also Mega Constr. Co., Inc. v. United States, 29 Fed. Cl. 396, 502 (1993). To the extent that Maropakis' proposed amended complaint substitutes allegations that fail to state a valid claim, amendment would be futile and should be denied.

## CONCLUSION

For the foregoing reasons, defendant respectfully requests that this Court deny plaintiff's motion to amend its complaint at this stage of these proceedings.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Robert E. Kirschman, Jr.
ROBERT E. KIRSCHMAN, JR.
Assistant Director

s/ James D. Colt
JAMES D. COLT
Trial Attorney
Department of Justice
Civil Division
Commercial Litigation Branch
1100 L. Street, NW
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Tel: (202) 514-7300
Fax: (202) 307-0972

July 25, 2005

Attorneys for Defendant

CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of July, 2005, a copy of the foregoing DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT was filed electronically. I understand that notice of this filing will be sent to all parties of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ James D. Colt