IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| M. MAROPAKIS CARPENTRY, INC., | ) | |
| | ) | |
| Plaintiff, | ) | No. 03-2825 |
| | ) | |
| v. | ) | (Judge Baskir) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S COUNTERCLAIM AND
ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

For its answer to the plaintiff's First Amended Complaint, defendant, the United States, admits, denies and alleges as follows:

**Introduction**

1. Denies the allegations contained in Paragraph 1 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

2. Admits.

3. Admits.

4. The allegations contained in Paragraph 4 constitute legal conclusions to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

5. The allegations contained in Paragraph 5 constitute legal conclusions to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

**Discussion**

6. Admits that the firm Gale and Associates consulted on the project design, otherwise denies the allegations contained in Paragraph 6 that Gale and Associates prepared the contract documents; denies the remainder of the allegations contained in Paragraph 6 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

7. Admits the allegation contained in the first sentence of Paragraph 7 to the extent supported by the referenced contract, which is the best evidence of its contents; otherwise denies the allegations contained in the first sentence of Paragraph 7. The allegations contained in the second sentence of Paragraph 7 are plaintiff's explanation of its own motivations, to which no response is required. Admits the allegations contained in the third sentence of Paragraph 7.

8. Admits the allegations contained in Paragraph 8 to the extent supported by the referenced contract, which is the best evidence of its contents; otherwise denies the allegations contained in Paragraph 8.

9. Admits the allegations contained in Paragraph 9 to the extent supported by the referenced contract, which is the best evidence of its contents; otherwise denies the allegations contained in Paragraph 9.

10. The allegations contained in Paragraph 10 constitute legal conclusions and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

## Maropakis Window Claim

*The Specifications Required a Window Which Does Not Exist*

11. Admits the allegations contained in Paragraph 11 to the extent supported by the referenced contract section, which is the best evidence of its contents; otherwise denies the allegations contained in Paragraph 11.

12. Admits the allegations contained in Paragraph 12 to the extent supported by the referenced contract section, which is the best evidence of its contents; otherwise denies the allegations contained in Paragraph 12.

13. Admits the allegations contained in Paragraph 13 to the extent supported by the referenced contract section, which is the best evidence of its contents; otherwise denies the allegations contained in Paragraph 13.

14. Admits the allegations contained in Paragraph 14 to the extent supported by the referenced contract section, which is the best evidence of its contents; otherwise denies the allegations contained in Paragraph 14.

15. Admits the allegations contained in Paragraph 15 to the extent supported by the referenced document, which is the best evidence of its contents; otherwise denies the allegations contained in Paragraph 15.

16. Denies the allegations contained in Paragraph 16 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

17. Admits the allegations contained in Paragraph 17 to the extent supported by the referenced document, which is the best evidence of its contents; otherwise denies the allegations contained in Paragraph 17.

18. To the extent that the first sentence of Paragraph 18 alleges that the windows called for under the contract did not exist and could not be created, such allegation is denied; otherwise admits that neither the contract nor the Navy never made such an allegation to Maropakis. The allegations contained in the second sentence of Paragraph 18 constitute legal conclusions and plaintiff's characterization of its own case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

*The Specifications Violated the AAMA With Respect to Water Resistance Test Pressure*

19. Admits the allegations contained in Paragraph 19 to the extent supported by the referenced document, which is the best evidence of its contents; otherwise denies the allegations contained in Paragraph 19.

20. Admits the allegations contained in Paragraph 20 to the extent supported by the referenced document, which is the best evidence of its contents; otherwise denies the allegations contained in Paragraph 20.

21. Admits the allegations contained Paragraph 21 to the extent supported by the referenced contract provision; otherwise denies the allegations contained in Paragraph 21.

22. Admits the allegations contained in Paragraph 22 to the extent supported by the referenced documents, which are the best evidence of their contents; otherwise denies the allegations contained in Paragraph 22.

23. The allegations contained in Paragraph 23 constitute legal conclusions and plaintiff's characterizations both of the meaning of referenced documents and of its own case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

24. Denies the allegation contained in the first sentence of Paragraph 24 that the Navy's specifications were defective; admits the remainder of the allegations contained in the first sentence of Paragraph 24. Denies the allegations contained in the second sentence of Paragraph 24 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

25. The allegations contained in Paragraph 25 constitute plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

*The Specifications Violated the AAMA With Respect to Air Infiltration Pressure*

26. Admits the allegations contained in Paragraph 26 to the extent supported by the referenced document, which is the best evidence of its contents; otherwise denies the allegations contained in Paragraph 26.

27. Admits the allegations contained in Paragraph 27 to the extent supported by the referenced document, which is the best evidence of its contents; otherwise denies the allegations contained in Paragraph 27.

28. Admits the allegations contained in the first sentence of Paragraph 28 to the extent supported by the referenced document, which is the best evidence of its contents; otherwise denies the allegations contained in the first sentence of Paragraph 28. Denies the allegations contained in the second sentence of Paragraph 28.

29. The allegations contained in Paragraph 29 constitute legal conclusions and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

30. The allegations contained in Paragraph 29 constitute legal conclusions and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

31. Admits that the Navy denied Maropakis' Request for Equitable Adjustment; otherwise denies all allegations contained in Paragraph 31.

**Delay Due To Discovery of Lead Paint**

32. The allegations contained in Paragraph 32 constitute legal conclusions and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

33. Admits the allegations contained in Paragraph 33 to the extent supported by the referenced contract, which is the best evidence of its contents; otherwise denies the allegations contained in Paragraph 33.

34. Denied.

35. The allegations contained in Paragraph 35 constitute legal conclusions and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

36. Admits that the Navy denied Maropakis's Request for Equitable Adjustment; otherwise denies all allegations contained in Paragraph 36; avers that Maropakis was already adequately compensated by previous contract modifications.

**Requirement to Use Asphalt Adhesive Materials**

37. Denies all allegations contained in Paragraph 37 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

38. Admits the allegations contained in Paragraph 38 to the extent supported by the referenced contract, which is the best evidence of its contents; otherwise denies the allegations contained in Paragraph 38.

39. Admits the allegations contained in Paragraph 39 to the extent supported by the referenced documents, which are the best evidence of their contents; otherwise denies the allegations contained in Paragraph 39.

40. Denies the allegations contained in Paragraph 40 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

41. Denies the allegations contained in Paragraph 41 for lack of information or knowledge sufficient to form a belief as to the truth of the matters asserted.

42. Denies that the Navy did not timely object to the non-conforming adhesive; admits the remainder of the allegations contained in Paragraph 42.

43. Admits that the Navy adhered to the contract requirement of non-asphalt adhesive; otherwise denies all allegations contained in Paragraph 43.

44. The allegations contained in Paragraph 44 constitute legal conclusions and the plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

**Refusal to Allow Maropakis to Begin Roof Removal and Replacement Work**

45. Admits the allegations contained in the first sentence of Paragraph 45 to the extent supported by the referenced contract, which is the best evidence of its contents; otherwise denies the allegations contained in the first sentence of Paragraph 45. To the extent that the second sentence of Paragraph 45 alleges that the named reason was the only reason for the described

sequencing of work, such allegation is denied; otherwise admits the allegations contained in the second sentence of Paragraph 45.

46. Denies.

47. Denies the allegations contained in the first sentence of Paragraph 47 The allegations contained in the second sentence of Paragraph 47 constitute legal conclusions and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

**Delays Due to Improper Review of Submittals**

48. Denied.

49. Denied.

**Remission of Liquidated Damages**

50. Admits the allegations contained in Paragraph 50 to the extent supported by the referenced notice, which is the best evidence of its contents; otherwise denies the allegations contained in Paragraph 50.

51. Denies.

52. The allegations contained in Paragraph 52 constitute legal conclusions and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

53. The allegations contained in Paragraph 53 constitute conclusions of law and plaintiff's characterization of its case to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

54. The allegations contained in Paragraph 54 constitute conclusions of law and plaintiff's characterization of its case to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

55. The allegations contained in Paragraph 55 constitute conclusions of law and plaintiff's characterization of its case to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

56. The allegations contained in Paragraph 56 constitute conclusions of law and plaintiff's characterization of its case to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

57. Denies that the plaintiff is entitled to the relief set forth in the prayer for relief following Paragraph 56, or to any relief whatsoever.

58. Denies each and every allegation not previously admitted or otherwise qualified.

DEFENSES AND AFFIRMATIVE DEFENSES

59. Defendant has failed to state a claim upon which relief may be granted.

60. Maropakis' claims are already satisfied by prior adjustments already made to the contract.

DEFENDANT'S COUNTERCLAIM

1. This Court possesses jurisdiction to entertain the Government's counterclaim pursuant to 28 U.S.C. § 1503 and 28 U.S.C. § 2508.

2. As a result of the plaintiff's failure to perform its contractual obligations, the Government suffered a loss in the amount of the difference between the remaining contract balance, $244,035 and liquidated damages of $303,550.

3. Pursuant to Rule 13(a) of the Court of Federal Claims, defendant makes this counterclaim for costs against the plaintiff arising out of the transaction that is the subject matter of plaintiff's claim and does not require the presence of a third party or parties over whom the Court cannot acquire jurisdiction.

4. After notifying the plaintiff and receiving no response, contracting officer, Richard G. Smith, on December 20, 2002, issued Final Decision #03-002F demanding the amount of $59,514 and advising plaintiff that interest would accrue from the date of the June 28, 2002, demand letter.

Wherefore, the defendant requests that the plaintiff's complaint be dismissed, that defendant's counterclaim be granted, and that the Court grant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Donald E. Kinner
DONALD E. KINNER
Assistant Director

s/ James D. Colt
JAMES D. COLT
Trial Attorney
Department of Justice
Civil Division
Commercial Litigation Branch
Attn: Classification Unit
8th Floor
1100 L Street, NW
Washington, D.C. 20530
Tel: (202) 514-7300
Fax: (202) 307-0972

September 29, 2005

Attorneys for Defendant

CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of September, 2005, a copy of the foregoing DEFENDANT'S COUNTERCLAIM AND ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT was filed electronically. I understand that notice of this filing will be sent to all parties of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ James D. Colt