**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| M. MAROPAKIS CARPENTRY, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 03-2825C |
| v. | ) | |
| | ) | (Judge Baskir) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**M. MAROPAKIS CARPENTRY, INC.'S ANSWER TO DEFENDANT'S COUNTERCLAIM WITH AFFIRMATIVE DEFENSES**

Plaintiff M. Maropakis Carpentry, Inc. ("Maropakis") by and through its counsel, Rhoads & Sinon LLP, hereby files this reply and affirmative defenses to the counterclaim filed by Defendant, the United States ("Government" or "Navy") as follows:

**ANSWER TO COUNTERCLAIM**

1. Denied. The allegations contained in paragraph 1 of the Government's counterclaim are conclusions of law to which no response is required. To the extent the allegations are deemed factual, they are denied.

2. Denied. It is specifically denied that Maropakis failed to perform its contractual obligations. To the contrary, as set forth in Maropakis's Amended Complaint, at all relevant times, Maropakis performed its obligations in a good and workmanlike manner. Maropakis specifically incorporates its Amended Complaint as if fully set forth herein. Maropakis further denies that the Government suffered any losses justifying the imposition of liquidated damages. Strict proof is demanded at trial.

3. Denied. The allegations in this paragraph are conclusions of law to which no response is required. To the extent the allegations are deemed factual, the allegations are denied.

2. It is admitted that on December 20, 2002, Contracting Officer Richard G. Smith issued Final Decision No. 03-002F demanding an amount of $59,514. The reason for issuing the Final Decision is denied as unknown to Maropakis. By way of additional answer, the Final Decision dated December 20, 2002 is a document that speaks for itself and any characterizations of the document are denied. The remaining allegations in this paragraph are denied.

WHEREFORE, Plaintiff M. Maropakis Carpentry, Inc. requests that Defendant the United States' counterclaim be dismissed, that the relief requested in Plaintiff's Amended Complaint be granted, and the Court grant such other relief as the Court deems appropriate and just.

## AFFIRMATIVE DEFENSES

1. Maropakis incorporates paragraphs 1 through 56 of its Amended Complaint and paragraphs 1 through 4 of Maropakis's Answer to the Government's Counterclaim as if set forth at length.

2. The Government's counterclaim fails to state a claim upon which relief may be granted.

3. This Court lacks subject matter jurisdiction over the Government's counterclaim.

4. The Government's counterclaim is barred by principles of equitable estoppel and/or estoppel by laches.

5. The Government's counterclaim against Maropakis is barred because Maropakis performed in a good workmanlike manner and in accordance with the parties' contract.

6. The Government's counterclaim is barred by the applicable statute of limitations.

7. The Government's counterclaim is barred by impossibility of performance.

8. The Government's counterclaim is barred by its own actions and/or omissions as set forth more fully in Maropakis's Amended Complaint.

9. The Government's counterclaim is barred by the doctrine of unclean hands. The Government was aware of the deficiency in the specifications but chose not to disclose it to Maropakis.

10. The Government's counterclaim for liquidated damages is barred by the contract and applicable statutes and is improper. At all relevant times, Maropakis requested and was improperly denied requests for extension of time.

WHEREFORE, Plaintiff, M. Maropakis Carpentry, Inc. respectfully requests this Honorable Court enter judgment in its favor and against the Government, together with costs, attorneys' fees, and interest and such other relief as the Court may deem appropriate.

Respectfully submitted,

RHOADS & SINON LLP

By: /s David W. Francis

David W. Francis
Kelly H. Decker
One South Market Square
P. O. Box 1146
Harrisburg, PA 17108-1146
(717) 233-5731

Attorneys for Plaintiff

**CERTIFICATE OF SERVICE**

I hereby certify that on October 14, 2005 a true and correct copy of the foregoing M. Maropakis Carpentry, Inc.'s Answer To Defendant's Counterclaim with Affirmative Defenses was filed electronically. I understand that notice of this filing will be sent to all parties of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s David W. Francis
David W. Francis