IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| M. MAROPAKIS CARPENTRY, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 03-2825C |
| v. | ) | |
| | ) | (Judge Baskir) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S OPPOSITION TO PLAINTIFF'S
MOTION TO EXTEND DISCOVERY BY AN ADDITIONAL 60 DAYS

Pursuant to Rule 7.1 of the Court of Federal Claims ("RCFC"), defendant, the United States, respectfully submits the following brief in opposition to plaintiff's motion to reopen discovery in this matter. For reasons discussed herein, we respectfully request that this Court deny the plaintiff's October 17, 2005, motion to reopen discovery more than five months after discovery in this matter ended and on the eve of dispositive motions. The plaintiff styles this matter as an "extension" of discovery. However, discovery ended on May 6, 2005, after the plaintiff was already granted one discovery extension and did not seek a further extension at that time. Plaintiff's desire for more discovery, almost six months after discovery ended and after a schedule for briefing summary judgment was already set once, constitutes an unnecessary delay in resolution of this

case, an additional unnecessary imposition upon the Government, and prejudice to the Government.

## QUESTION PRESENTED

Whether Maropakis has demonstrated good cause for this Court to reopen discovery, more than five months after fact discovery ended and on the eve of dispositive motions.

## STATEMENT OF FACTS

On December 17, 2003, plaintiff, M. Maropakis Carpentry, Inc. ("Maropakis"), filed the above-titled action in this Court. Pl's Original Compl. at 1. Maropakis sought a judgment negating a contracting officer's decision that assessed $650 per day in liquidated damages for a total of 467 days of delay in the project's completion. Id. at 9.

Maropakis' complaint alleged that the delay in the project was permissible because the contract Maropakis signed had "non-traditional window specifications" which "made it far more difficult for Maropakis to meet the contract requirements." Id. at ¶¶ 15-39. Maropakis alleged that, because of this, the project had experienced an excusable 219-day delay. Id. at ¶ 39. The parties filed a Joint Preliminary Status Report in which

they agreed upon a proposed discovery schedule which they filed with this Court on May 28, 2004.

On September 17, 2004, this Court issued an order establishing a schedule for discovery, which was to conclude on May 2, 2005. Maropakis later moved to extend discovery until May 6, 2005.[1] On June 14, 2005, the parties filed a Joint Status Report, in which they both suggested a schedule for briefing summary judgment motions. This Court's June 16, 2005, order required that summary judgment briefing would begin no later than August 1, 2005.

On July 6, 2005, Maropakis made a motion requesting that this Court allow it to file a new complaint. Maropakis's brief in support of its motion noted that the allegations it was adding had been "addressed in substantial detail" in discovery and assured this Court that further discovery would not be needed and that the issues stated in the amendment would not be used

[1] In it's brief in support of this motion, Maropakis states that "Defendant[ ] requested and were granted four (4) uncontested extensions, while this is Plaintiff's first request." Pl.'s Br. at 5. Defendant's requests are irrelevant to Maropakis's motion, and, in reality, Maropakis sought an extension of the time for discovery in May 2005, which the Government did not oppose. Maropakis did not indicate at that time that any more discovery would be necessary. Most of the extensions that the defendant sought were for Joint Status Reports, which it was the responsibility of both parties to file.

to seek further delay. Pl.'s Mot. to Amend Compl. at 2, 7-9. On September 25, 2005, the Court allowed Maropakis to amend its complaint and noted that the Government would be allowed additional time, if necessary, to file its planned dispositive motion. Twenty-two days later, Maropakis made this motion to reopen discovery in this matter.

## ARGUMENT

### I. Maropakis Must Demonstrate "Good Cause" To Justify Requiring The Defendant To Submit To Further Discovery

"The Federal Circuit has instructed that 'questions of the scope and conduct of discovery are [ ] committed to the discretion of the trial court.'" Vons Companies, Inc. v. United States, 51 Fed. Cl. 1, 5 (2001) (quoting Florsheim Shoe Co. v. United States, 744 F.2d 787, 797 (Fed. Cir. 1984)). "Trial courts enjoy broad discretion in controlling discovery." Shell Petroleum, Inc. v. United States, 46 Fed. Cl. 583, 585 (2000). RCFC 26 (b) specifies that this Court may order discovery "for good cause," with the proviso that the Court shall disallow discovery "i) if the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or iii) the burden or expense of the

proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues [in dispute]."

## II. Allowing Further Discovery Upon Matters Which Maropakis Admits Have Been Covered In Discovery When Maropakis Already Assured This Court That Further Discovery Would Be Unecessary, Would Cause Undue Delay And Would Unduly Burden The Defendant

Though Maropakis already received an extension of discovery, which the Government did not oppose, it did not move for any further discovery extensions when Fact Discovery ended on May 6, 2005. Subsequent to that, Maropakis agreed upon a schedule for the parties to brief dispositive motions. In moving to amend its complaint, Maropakis assured this Court that allowing such an amendment would not cause further delay and specifically made repeated assurances that further discovery would not be necessary. Pl.'s Mot. to Amend Compl. at 7-9. Maropakis further represented to this Court that the allegations of its amended complaint were already "addressed in substantial detail during discovery." Id. at 2.

In view of RCFC 26(b)'s language prohibiting discovery that is "unreasonably cumulative or duplicative," requiring further discovery on matters that have already been covered in "substantial detail" when the we

have prepared to brief dispositive motions, is unduly burdensome and contrary to RCFC 26(b). This is especially clear here, where Maropakis seeks discovery upon matters that it knew, or should have known of, during the discovery period, and which have no legal relevance to its issues. Given Maropakis's prior representations to this Court that further discovery would not be necessary, Maropakis has failed to demonstrate the "good cause" that RCFC 26(b) requires to force the defendant to submit to further discovery. The Government should be allowed to file our dispositive motions before this Court and resolve these issues.

## III. The Information That Maropakis Seeks Is Not Necessary To Resolve The Issues Before This Court

Maropakis seeks to propound discovery upon the Government which is duplicative and not necessary to resolve the matters before this Court. Maropakis seeks discovery regarding 1) "whether the United States violated any mandatory technical standards" and 2) "whether the United States Navy has awarded other contracts for window replacement that contained similarly defective specifications." Pl.'s Br. at 3. As we shall demonstrate, such information as is relevant to this case was provided

during fact discovery. Any additional information is not material to the issues of this case.

A. The Navy Already Provided Evidence Relevant To These Specifications

Pursuant to RCFC 26(b) cited above, discovery which is "unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive" or which "the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought" should be denied. During fact discovery, Maropakis propounded Interrogatory Number 5 upon the Navy. Def.'s Ex. 1. This interrogatory sought information regarding "all information in the Navy's possession with respect to the window manufacturer and the window specifications prior to and at the time of the [contract] bid." Id. The Navy responded both to this interrogatory and to Maropakis's document requests, and Maroapkis had never made a motion to compel or otherwise indicated that the Navy's discovery productions were unresponsive. Maropakis has not demonstrated how information it seeks regarding window specifications related to the project would not have been covered by its original broad interrogatory or the Government's response thereto. Having already requested and received "all information

in the Navy's possession with respect to the window manufacturer and the window specifications prior to and at the time of the [contract] bid," there is no reason to require the Navy to submit to further discovery on this issue when fact discovery closed almost six months ago.

### B. The Undisputed Facts Surrounding The Navy's Window Specifications Render The Matter Ripe For Dispositive Motions

Pursuant to RCFC 26(b), discovery should also be disallowed when the proposed discovery does not have sufficient "likely benefit, taking into account the needs of the case . . . the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues [in dispute]." This case concerns delay that Maropakis alleges that it incurred while performing this contract. However, Maropakis seeks information regarding mandatory window design specifications and information regarding other contracts involving the Navy. Maropakis has not advanced any legal theory to argue the relevance of such information to its assertion of defective specifications. None of the information that Maropakis seeks is relevant or material to its obligations in this contract.

No information about design specifications in other instances would alter the material facts concerning these window specifications. This case concerns the cause of delay in completing the project. In discovery,

Maropakis's RCFC 30(b)(6) deponent testified that the only problems that Maropakis had involved meeting the water resistance and air infiltration requirements which were more stringent than usual. Def.'s Ex. 2 at 16. Despite Maropakis' assertion that the windows in question did not exist, Maropakis' same RCFC 30(b)(6) deponent further testified that Maropakis found a manufacturer to produce the windows. Id. at 18-19. The Navy acknowledges that it called for windows of a greater strength than were necessary. However, Maropakis has admitted that the Navy did not impose any window specifications that were not contained in the solicitation or the contract. Def.'s Ex. 3. As this Court has memorably stated, "the [G]overnment could, if it wanted 'engage a contractor to make snowmen in August.'" Blake Constr. Co., Inc. v. United States, 28 Fed. Cl. 672, 689 (1993) (quoting Rixon Elecs., Inc. v. United States, 210 Ct. Cl. 309, 320, 536 F.2d 1345, 1351 (1976)). Maropakis cannot demonstrate that the more stringent requirements, to which it agreed, are a basis for Government liability.

Maropakis's assertion that the Navy's stringent requirements contradict industry standards are similarly unavailing because Maropakis cannot show that the Navy's more stringent specifications constituted a

defective specification. The Government has a right to insist upon contract "performance in strict compliance with contract specifications, and [the Government] is permitted to make its specifications more stringent than applicable industry standards so long as it does so clearly and unambiguously." Western States Constr. Co., Inc. v. United States, 26 Cl. Ct. 818, 820 (1992) (citations omitted). No further discovery regarding Government guidance for construction specifications or other Government contracts in which Maropakis was not involved can alter the material facts that are already known.

A contractor who knew or should have known about alleged specification defects cannot rely upon such a defect to excuse difficulties it encounters. See, e.g., Clark v. United States, 5 Cl. Ct. 447, 453 (1984); L.W. Foster Sportswear Co., Inc. v. United States, 186 Ct. Cl. 499, 405 F.2d 1285, 1290 (1969). Even assuming arguendo that the requirement of greater window strengths than industry standards called for constituted a defect, Maropakis will not be able to demonstrate that it should not have known about publicly available AAMA or ASTM standards. Thus, Maropakis cannot demonstrate Government liability because it failed to inquire regarding the alleged conflicts between the specifications and the

industry standard. Maropakis's allegations reflect that this would be a patent ambiguity for which it would have been responsible to resolve prior to bid. Accordingly, even assuming that the alleged difference between the contract specifications and industry standards caused delay, which it did not, none of the information concerning other Government contracts or other specifications that Maropakis seeks is relevant to resolution of this issue.

Maropakis has not demonstrated why the discovery, which Maropakis failed to seek during the discovery period, is necessary or can alter the material facts of this case. The established material facts prove that Maropakis cannot demonstrate that there were specification defects about which it should not have known that caused delay in this project. This Court indulged Maropakis's motion to amend its complaint after Maropakis gave assurances that it would not seek further delay and that further discovery would be unnecessary. Requiring the Government to submit to renewed fact discovery regarding specifications on other projects would cause undue delay and hardship and would violate RCFC 26(b). Even assuming that the Navy violated an instruction concerning specification drafting, as alleged in its motion, Maropakis cannot

demonstrate any legal relevance of that instruction to its duty to inquire, much less that such an instruction is for the contractor's benefit or could be relied upon by Maropakis.

In any case, given that Maropakis only informed the Navy about difficulty finding a manufacturer, and given that Maropakis's RCFC 30(b)(6) deponent testified that Maropakis's alleged difficulties came from causes other than differences between specifications and publicly available standards, Maropakis cannot demonstrate that any divergence from industry standards was what caused Maropakis's delay in completing the project. A contractor seeking to rely upon an alleged specification defect must demonstrate a nexus between the alleged defect and the delay that it suffered. See, e.g., Southern Comfort Builders, Inc. v. United States, 2005 WL 1804325 at 12-13 (2005) (denying claim for costs incurred in delay because of failure to show a nexus between the alleged defect and the delay); Wilner v. United States, 26 Cl. Ct. 260, 263 (1992). This matter is ripe for the summary judgment that was previously scheduled and to which Maropakis agreed.

## CONCLUSION

For the foregoing reasons, defendant respectfully requests that this Court deny plaintiff's motion to reopen discovery almost six months after fact discovery ended.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Donald E. Kinner
DONALD E. KINNER
Assistant Director

s/ James D. Colt
JAMES D. COLT
Trial Attorney
Department of Justice
Civil Division
Commercial Litigation Branch
1100 L. Street, NW
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Tel: (202) 514-7300
Fax: (202) 307-0972

November 3, 2005

Attorneys for Defendant

Defendant's Exhibit 1

Defendant's Exhibit 2

Defendant's Exhibit 3

CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of November, 2005, a copy of the foregoing DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO EXTEND DISCOVERY BY AN ADDITIONAL 60 DAYS was filed electronically. I understand that notice of this filing will be sent to all parties of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ James D. Colt