IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| M. MAROPAKIS CARPENTRY, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 03-2825C |
| v. | ) | |
| | ) | (Judge Baskir) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**EMERGENCY MOTION TO COMPEL TESTIMONY AND PRODUCTION OF DOCUMENTS OR, IN THE ALTERNATIVE, FOR A MODIFICATION TO THE PROCEDURAL SCHEDULE**

Plaintiff, M. Maropakis Carpentry, Inc. ("Maropakis"), by and through its counsel, pursuant to the Rule 37 of the Rules of the United States Court of Federal Claims ("RCFC"), moves to compel the United States to produce the proper United States Designee to testify on the subject matter of the items identified in the February 9, 2006 revised Notice of Deposition of Designee for the United States and to produce documents requested pursuant to RCFC 30(b)(5) as follows:

1. Maropakis' action against the United States ("United States," "Government," or "Navy") includes a claim that the window specifications issued as part of the construction contract between the parties contained deficiencies and errors and specified a window that did not exist.

2. Maropakis seeks discovery from the United States as to whether:

a. at the time the contract was let for bid, the United States had



596420.1

mandatory or recommended design specifications for windows; and,

b. whether the United States violated the mandatory or recommended design specifications in the contract documents provided to Maropakis.[1]

3. Based upon the above representations, this Honorable Court granted Maropakis' Motion to Extend Discovery by sixty (60) days.[2]

4. The close of fact discovery date is February 22, 2006, at which time the parties are required to file a Joint Status Report with the Court.

5. On January 19, 2006, Maropakis served a Notice of Deposition for the Designee of the United States to seek the information identified above and referenced in Maropakis' Motion to Extend Fact Discovery. A copy of the Notice of Deposition is attached as Exhibit "A".

6. In the Notice of Deposition, Maropakis sought a Corporate Designee to testify regarding, among other things:

a. the mandatory design specifications in effect for windows issued by the United States during a specific and limited time frame (the time of the design phase of the project at issue here until the end of construction);

b. how the AAMA's governing requirements for windows such as

[1] On October 17, 2005, Maropakis filed a Motion to Extend Discovery to conduct the discovery identified in this averment. See Reply Brief in Support of Motion to Extend Discovery, p.1
[2] See November 22, 2005 Order granting Motion to Extend Discovery.

those specified in this contract were used in preparing the plans, drawings, and specifications for the contract;

c. whether the Navy approved a Modification of Specification section 08520 on the project at issue.[3]

7. On January 26, 2006, the United States objected to the Notice of Deposition on the basis that, among other things:

a. the Navy did not have access to the information requested because the United States Navy does not have a means to access agency-wide information relating to a particular contractor or the procurement history of a particular good;

b. the Notice of Deposition sought information on projects other than the project at issue in this litigation; and

c. the request was impermissibly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. A copy of the Navy's correspondence is attached as Exhibit "B".

8. Accordingly, the United States refused to produce a Designee of the United States who had knowledge of the information requested to testify on those issues. In a letter dated January 26, 2006, counsel for the United States stated that

[3] Maropakis Notice of Deposition requested information on a Navy wide basis regarding projects where Gale Associates was a design professional and where the specification in question was modified. Due to the objections made by the United States, Maropakis chose not to pursue these additional topics in its Amended Notice of Deposition.

it "shall only make available a 30(b)(6) deponent to testify according to a scope defined by the project at issue in this litigation as well as any information involving the window specification of which the Naval officials involved in this matter are reasonably aware." In other words, the United States was refusing to produce a witness who can testify regarding the fact that there are mandatory specifications for construction projects. See Exhibit "B".

9. The United States' objections and refusals to produce one or more representatives from the Navy who may possess the relevant information that Maropakis seeks is unacceptable and in violation of the Court Rules.

10. On February 9, 2006, Maropakis sent a Revised Notice of Deposition of the Designee of the United States in attempt to comply with the United States' objections to what it perceived to be an overly broad Notice of Deposition. This Revised Notice of Depositions was narrowly drawn to only seek information which the Navy could produce, including the following:

a. documents and publications addressing standard specifications for construction projects, including windows;

b. documents and publications addressing mandatory requirements for compliance with standard specifications for construction projects, including windows;

c. the existence of documents and publications that address modification of standard specifications for construction projects;

d. the existence of the Governmental department or other entity

responsible for standardization of construction specifications;

e. the existence of the Governmental department or other such entity that is responsible for approving modifications of construction specifications;

f. whether the Navy or its engineers requested authority to make modifications to the design criteria used for the windows on the project at issue;

g. all reasons for justifying the use of non-standard windows for this project;

h. whether and when the Navy provided Gale & Associates, Inc. ("Gale") with justifications for using non-standard specifications for windows;

i. whether Gale developed the non-standard specifications for the windows with or without notifying the Department of the Navy why it was doing so;

j. whether and when the Navy agreed with the use of non-standard windows;

k. whether the Navy and/or its design professionals were or are encouraged or required to use Unified Facilities Guide Specifications for windows and doors, and if so, whether they were used for the design phase of this project.

A copy of the Revised Notice of Deposition is attached as Exhibit "C".

11. Simultaneously, Maropakis served M. Maropakis Carpentry, Inc.'s Request for Production of Documents at the Deposition of the Navy's Designee. All documents requested relate to the narrowly-tailored areas of testimony itemized above. A copy of the Request for Production of Documents pursuant to Rule 30(b)(5) is attached as Exhibit "D".

12. The United States objected to the Revised Notice of Deposition and Documents Requested on the basis that the information sought:

a. is otherwise available to Maropakis; and,

b. seeks Navy-wide information that cannot reasonably be obtained within seven (7) days of when the deposition is scheduled to take place. The expedited nature of the United States' response to the Request for Documents reflects that it did not contact the appropriate officials within the Navy to determine, in fact, whether it was unreasonable to produce the requested documents within seven (7) days. A copy of the United States' correspondence is attached as Exhibit "E".

13. The United States further objected to the February 17, 2006 date set forth in the Notice of Deposition.

14. The United States' objections are meritless and disingenuous.

15. The suggestion that the information is otherwise available to Maropakis is not a valid objection. Further, the Navy has an obligation to provide copies of documents which were valid during the design and construction phases.

16. According to the United States' February 9, 2006 correspondence, the United States no longer objects to providing the Navy-wide information requested, as argued following receipt of the first Notice of Deposition. Rather, the United States now argues that the requests "seek Navy-wide information that cannot

reasonably be obtained in the time allotted." See Exhibit "E". The United States' argument is short-sighted for the following reasons.

17. First, the United States has had more than ample time to both obtain the documents that Maropakis is asking for and procure the proper person to testify as to the matters that Maropakis seeks to inquire. The matters of inquiry have been the subject of many pleadings throughout this litigation, as follows:

a. The Complaint was filed on December 16, 2003 and alleged that the Navy specified a window that did not exist;

b. Maropakis filed an Amended Complaint further specifying its claims on September 15, 2005, with leave of Court;

c. Maropakis' Motion to Extend the Discovery period in this case specifically identified the areas in which Maropakis sought to conduct discovery regarding:

i. the mandatory design specifications in effect when the project at issue was let for bid; and

ii. whether the United States has awarded other contracts for window replacement that contained similarly defective specifications; this Motion was filed on October 17, 2005; and

d. Maropakis served its first Notice of Deposition on the United States as detailed above on January 19, 2006.

18. Second, counsel for Maropakis is amenable to rescheduling the deposition during the week of February 20, 2006, to give the United States "ample time" to obtain the requested documents and locate the Navy representative(s) with the requisite knowledge.

19. Third, counsel for Maropakis is amendable to a minor modification to the procedural schedule to provide the United States with additional time to locate the required documents and produce them.

20. Fourth, despite its fervent objections, the United States has not sought a motion for protective order pursuant to RCFC 26(b). Therefore, Maropakis expects that the United States will produce the appropriate representative and the requested documents. If necessary, Maropakis will apply for an Order to the Court during the deposition in accordance with RCFC 37(a)(2)(B).

21. Upon information and belief, the United States' continued objections and refusals to produce the requested documents and the appropriate designee to testify stems from its concerns that the testimony that will be elicited and documents sought will reveal information unfavorable to the United States that would support Maropakis' claims and thwart the United States' counterclaim against Maropakis for liquidated damages.

22. Maropakis is entitled to depose a Designee of the Navy who possesses the information requested regarding the errors and deficiencies in the specifications.

Deficiencies in contract specifications are directly relevant to the issues that will be argued in dispositive motions in this case. In *R.P. Wallace, Inc. v. United States*, 63 Fed. Cl. 402 (2004), this Court found in favor of the contractor where the contract contained two incompatible window requirements. Maropakis will make a similar argument in its Motion for Summary Judgment.

23. Maropakis is entitled to the documents requested pursuant to RCFC 30(b)(5).

24. In accordance with RCFC 37(a)(2)(B), Maropakis has in good faith conferred or attempted to confer with counsel for the United States in an effort to secure the information and material without court action.

WHEREFORE, Plaintiff M. Maropakis Carpentry, Inc. respectfully requests that this Honorable Court compel Defendant United States of America to produce the proper United States Designee to testify on the subject matter of the items identified in the February 9, 2006 revised Notice of Deposition of Designee for the United States and to produce the documents requested in Maropakis' Request for the Production of Documents at the Deposition of the Navy's Designee.

Respectfully submitted,

RHOADS & SINON LLP

By: /s/ David W. Francis
David W. Francis
One South Market Square
P. O. Box 1146
Harrisburg, PA 17108-1146
(717) 233-5731

Attorneys for M. Maropakis, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on February 13, 2006, a true and correct copy of the foregoing Emergency Motion to Compel Testimony and Production of Documents was filed electronically. I understand that notice of this filing will be sent to all parties of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/David W. Francis
David W. Francis