IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| M. MAROPAKIS CARPENTRY, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 03-2825C |
| v. | ) | |
| | ) | (Judge Baskir) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**NOTICE OF DEPOSITION OF CORPORATE DESIGNEE(S) FOR DEFENDANT, THE UNITED STATES**

TO: The United States
c/o James D. Colt, Esq.
United States Department of Justice
Commercial Litigation Branch, Civil Division
Classification Unit
1100 L Street, N.W., 8th Floor
Washington, DC 20530

PLEASE TAKE NOTICE that pursuant to the Rules of the Court of Federal Claims, Plaintiff will take the deposition of the Corporate Designee(s) for Defendant, The United States, upon oral examination, for the purpose of discovery or for use at trial, before a Notary Public, or other person authorized to administer oaths at the offices of Rhoads & Sinon LLP, One South Market Square, Harrisburg, PA 17101, on Monday, February 6, 2006, beginning at 1:00 p.m. and continuing from day to day until concluded.

By this Notice, Defendant is requested to send to the deposition one or more officers, directors, managing agents, or other persons who are authorized and who consent to testify on its behalf as to the matters set forth below. Said person(s) are requested and subpoenaed to appear at the aforesaid time and place and submit to examination under oath.

593354.1

EXHIBIT "A"

ALL-STATE LEGAL®

**The Corporate Designee(s)** will be expected to testify as to the following subject matters:

1. All projects and project numbers where Gale was the design professional for the United States Government.

2. For each of the projects for which Gale was the design professional for a United States' Government project, the windows specified in specification section 08520.

3. The mandatory design specifications in effect for windows issued by the U.S. Government from the design phase of the project that is the subject of this lawsuit to the end of construction.

4. The AAMAs identified in the specifications and/or relied upon or used in the preparation of the plans, drawings, and specifications of any Government project.

5. All specifications and list of projects where Gale specified P-HC-40 (optimal performance class) windows or a window other than approved by the AAMA 101.

6. Any and all correspondence from contractors, subcontractors, construction manager, or material supplier, or the Government on any project regarding the windows identified in specification section 08520.

7. The identity of the individual from the United States Government or Gale, who authorized a modification of the specification section 08520 on the project that is the subject of this lawsuit.

8. The identity of the individual from either the United States Government or Gale who authorized a modification of the specification section 08520 on any project where Gale was the design professional.

RHOADS & SINON LLP

By: ______________________________

David W. Francis, Esquire
Kelly H. Decker, Esquire
One South Market Square, 12th Floor
P. O. Box 1146
Harrisburg, PA 17108-1146
(717) 233-5731

Attorneys for Plaintiff
M. Maropakis Carpentry, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on January 19, 2005, a true and correct copy of the foregoing was served by means of United States mail, first class, postage prepaid, upon the following:

James D. Colt, Esq.
United States Department of Justice
Commercial Litigation Branch, Civil Division
Classification Unit
1100 L Street, N.W., 8th Floor
Washington, DC 20530

David W. Francis

**U. S. Department of Justice**

**Civil Division**

DEK: JDColt
D.J. No. 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

Telephone:
(202) 305-7562

*Washington, D.C. 20530*

VIA FACSIMILE AND FIRST CLASS MAIL

January 26, 2006

Kelly H. Decker
Rhoads & Sinon, LLP
One Market Square
P.O. Box 1146
Harrisburg, PA 17108
(717) 232-1459

Re: Maropakis Carpentry, Inc. v. United States.
Fed. Cl. No. 03-2825C

Dear Ms. Decker:

This letter responds to your January 19, 2006, Notice of Deposition. Although the notice did not so explicitly state, I assume that your intention is to take the deposition pursuant to Rule 30(b)(6) of the Court of Federal Claims, the rule which provides a mechanism for a designee deposition.

To begin with, your Notice of Deposition seeks a designee to speak for the entire United States Government. However, RCFC 30(b)(6) limits the scope of a permissible designation of a governmental party to a "governmental agency." I must also inform you that the Navy does not have a means to access agency-wide information relating to a particular contractor or the procurement history of a particular type of good. Moreover, the Notice of Deposition is unduly burdensome and broad in that it seeks information regarding projects upon which Gale worked regardless of whether it involved the window types at issue in this case as well as information regarding AAMA specifications and other information related to projects which would not necessarily have involved the Navy. As such, we would regard a deposition on these subjects as impermissibly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

For these reasons, the Government shall only make available a 30(b)(6) deponent to testify according to a scope defined by the project at issue in this litigation as well as any information involving the window specification of which the Naval officials involved in this matter are reasonably aware. In addition, the unilaterally chosen date of February 6, 2006, precedes the due date of written discovery and does not allow the Government sufficient time to find and prepare a deponent. Accordingly, we shall provide our 30(b)(6) deponent upon a

ALL-STATE LEGAL®
EXHIBIT
"B"

mutually-agreed upon date that allows sufficient time to gather the information requested. For this deposition, I can tentatively suggest February 15, 16, or 17 of 2006.

If you have any questions, please do not hesitate to contact me at (202) 305-7562.

Very truly yours,

James D. Colt

James D. Colt
Trial Attorney

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| M. MAROPAKIS CARPENTRY, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 03-2825C |
| v. | ) | |
| | ) | (Judge Baskir) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**NOTICE OF DEPOSITION OF DESIGNEE(S)**
**FOR DEFENDANT, THE UNITED STATES**

TO: The United States
c/o James D. Colt, Esq.
United States Department of Justice
Commercial Litigation Branch, Civil Division
Classification Unit
1100 L Street, N.W., 8th Floor
Washington, DC 20530

PLEASE TAKE NOTICE that pursuant to the Rules of the Court of Federal Claims, Plaintiff will take the deposition of the Designee(s) for Defendant, The United States, upon oral examination, for the purpose of discovery or for use at trial, before a Notary Public, or other person authorized to administer oaths at the offices of Rhoads & Sinon LLP, One South Market Square, Harrisburg, PA 17101, on Friday, February 17, 2006, beginning at 10:00 a.m. and continuing from day to day until concluded.

By this Notice, Defendant is requested to send to the deposition one or more officers, directors, managing agents, or other persons who are authorized and who consent to testify on its behalf as to the matters set forth below. Said person(s) are requested and subpoenaed to appear at the previously mentioned time and place and submit to examination under oath.



EXHIBIT
"C"
ALL-STATE LEGAL®

The Designee(s) will be expected to testify as to the following subject matters:

1. The existence of any statutes, acts, regulations, directives, standards, handbooks or other publications that address standard specifications for construction projects. This includes, but is not limited to, standard specifications for windows.

2. The existence of any statutes, acts, regulations, directives, standards, handbooks or other publications which address any mandatory requirements for compliance with standard specifications for construction projects. This includes, but is not limited to, mandatory specifications for windows.

3. The existence of any statutes, acts, regulations, directives, standards, handbooks or other publications that address modifications of standard specifications for construction projects. This includes, but is not limited to, mandatory specifications for windows.

4. The existence of any command, office, department, division, branch, unit, or other such entity that is responsible for standardization of construction specifications. This includes any such entity either within the Department of the Navy or in the Department of Defense.

5. The existence of any command, office, department, division, branch, unit, or other such entity that is responsible for approving modifications of construction specifications. This includes any such entity either within the Department of the Navy or in the Department of Defense.

6. Whether the Navy or its engineers requested authority to make modifications to design criteria used for the windows on this project.

7. All reasons justifying the use of non-standard windows for this project. This will include discussion of any performance criteria or formulas used in developing the additional information.

8. Whether and when the Navy provided Gale with justifications for using non-standard specifications for widows.

9. Whether Gale developed the non-standard specifications for the windows with or without notifying the Department of the Navy why it was doing so.

10. Whether and when the Navy agreed with any such use of non-standard windows.

11. Whether the Navy and/or its design professionals were or are encouraged or required to use the Unified Facilities Guide Specifications for windows and doors, and if so, whether they were used during the design phase of this project.

RHOADS & SINON LLP

By: ______________________________

David W. Francis, Esquire
Kelly H. Decker, Esquire
One South Market Square, 12th Floor
P. O. Box 1146
Harrisburg, PA 17108-1146
(717) 233-5731

Attorneys for Plaintiff
M. Maropakis Carpentry, Inc.

**CERTIFICATE OF SERVICE**

I hereby certify that on February 9, 2006 a true and correct copy of the foregoing was served by means of e-mail, facsimile, and United States mail, first class, postage prepaid, upon the following:

James D. Colt, Esq.
United States Department of Justice
Commercial Litigation Branch, Civil Division
Classification Unit
1100 L Street, N.W., 8th Floor
Washington, DC 20530

______________________________
David W. Francis

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| M. MAROPAKIS CARPENTRY, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 03-2825C |
| v. | ) | |
| | ) | (Judge Baskir) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**M. MAROPAKIS CARPENTRY, INC.'S REQUEST FOR THE PRODUCTION OF DOCUMENTS AT THE DEPOSITION OF THE NAVY'S DESIGNEE**

PLEASE TAKE NOTICE that you are hereby required, pursuant to the Rules of the Court of Federal Claims 30(b)(5), to produce for inspection, examination, and copying, all documents responsive to the following Requests for Production at the Deposition of the Navy's Designee. These Requests shall be continuing. If, between the time of producing such documents and the trial of this case, you or anyone acting on your behalf learn of additional documents responsive to these Requests, you shall produce such documents by supplemental response.

**DEFINITIONS AND INSTRUCTIONS**

(A) "You," "your" and/or "the Navy" or the "Government" refers to Defendant, United States, and its representatives or agents, if any.

(B) "And" and "or" shall be construed conjunctively and disjunctively so as to bring within the scope of this Request for Production any information which might otherwise be construed to be outside its scope.

596019.1

EXHIBIT "D"

ALL-STATE LEGAL®

(C) The word "document" means any correspondence, memoranda, inter-office communication, intra-office communication, agreement, minute, report, note, schedule, book of account, ledger, invoice, receipt, purchase order, pleading, questionnaire, contract, bill, check, draft, diary, log, proposal, bid, recording, telex, telegram, drawing, picture, table, graph, chart, map or survey, including the originals and working drafts of all of the above, and any copies thereof which are different from the original by way of interlineations or notation, any transcript or summary of the foregoing, and any other tangible data compilations from which information may be obtained, no matter how stored, including internet, e-mail, and word processing files.

(D) If you claim that the subject matter of a document or oral communication is privileged you are required to identify the document or communication by stating the following information:

(1) Its nature (e.g., letter, memorandum, tape recording, etc.);

(2) Its date (or if it bears no date, the date when it was prepared);

(3) The name, address, employer and job position of the signer or signers (or if there is no signer, of the person who prepared it);

(4) The name, address, employer and job position of the person, if any, to whom the document was sent;

(5) The name, address, employer and job position of each person known or believed to have originals of copies of the documents; or

(6) A brief statement of the subject matter of the document; and state each ground or basis on which you contend that the document or oral communication is privileged.

(E) If you do not have possession, custody or control of a document request, but know who does have possession, custody or control, you are required to identify the document and the person who has possession, custody or control in the manner requested in subparagraph (D) thereof.

## DOCUMENTS TO BE PRODUCED AT THE DEPOSITION

1. All documents (including regulations, memoranda, orders, pamphlets, handbooks, or other such items) which concern or govern the content of specifications used in Navy Construction projects. This includes, but is not limited to, any publications by the Department of the Navy, U.S. Army, Department of Defense or other such agency, whether internal or external.

2. Copies of any documents addressing the project requirements that were cited, if any, in providing non-standard specifications for the windows on this project.

3. Copies of all sample or standard window specifications used by the Department of the Navy as guidance or requirements for designing windows. This includes, but is not limited to, any Unified Facilities Guide Specifications or the like which were used.

4. Any other documents relevant to the use of non-standard specifications for windows.

RHOADS & SINON LLP

By: ______________________________
David W. Francis, Esquire
Kelly H. Decker, Esquire
One South Market Square, 12th Floor
P. O. Box 1146
Harrisburg, PA 17108-1146
(717) 233-5731

Attorneys for Plaintiff
M. Maropakis Carpentry, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on February 9, 2006 a true and correct copy of the foregoing was served by means of e-mail, facsimile, and United States mail, first class, postage prepaid, upon the following:

James D. Colt, Esq.
United States Department of Justice
Commercial Litigation Branch, Civil Division
Classification Unit
1100 L Street, N.W., 8th Floor
Washington, DC 20530

______________________________
David W. Francis

U. S. Department of Justice

Civil Division

DEK: JDColt
D.J. No. 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

Telephone:
(202) 305-7562

VIA FACSIMILE AND FIRST CLASS MAIL

Washington, D.C. 20530

February 9, 2006

David W. Francis
Rhoads & Sinon, LLP
One Market Square
P.O. Box 1146
Harrisburg, PA 17108
(717) 232-1459

Re: Maropakis Carpentry, Inc. v. United States,
Fed. Cl. No. 03-2825C

Dear Mr. Francis:

This letter responds to the letter, revised 30(b)(6) deposition notice, and 30(b)(5) document request that I electronically received this same day. You had intended to take the deposition on February 17, 2006. However, at my request, we have now scheduled the 30(b)(6) deposition for the day prior to that, February 16, 2006. I must inform you that we regard requests for information such as "statutes, acts, regulations" on various matters to be impermissible insofar as they seek information that is available to Maropakis. Similarly, we retain our prior objections to any requests that seek Navy-wide information that cannot reasonably be obtained in the time allotted.

In addition, your revised Notice of Deposition was accompanied by a Request for the Production of Documents pursuant to Rule 30(b)(5). However, that rule specifies that such requests must be made in accordance with Rule 34. Rule 34(b) specifies that such requests only apply if a "reasonable time" is afforded. Given that this request was not made prior to this day and refers to a deposition that will occur in seven days (as well as the fact that it makes broad requests such as "documents . . . which concern or govern the content of [Navy] specifications" and unspecific terms such as "non-standard specifications"), it is unreasonable and our deponent will not bring the requested documents.

If you have any questions, please do not hesitate to contact me at (202) 305-7562.

Very truly yours,

James D. Colt

James D. Colt
Trial Attorney

ALL-STATE LEGAL®
EXHIBIT
"E"