IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| M. MAROPAKIS CARPENTRY, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 03-2825C |
| v. | ) | |
| | ) | (Judge Baskir) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S MOTION TO QUASH AND OPPOSITION TO PLAINTIFF'S EMERGENCY MOTION TO COMPEL TESTIMONY AND PRODUCTION OF DOCUMENTS OR, IN THE ALTERNATIVE, FOR A MODIFICATION TO THE PROCEDURAL SCHEDULE

Pursuant to Rules 7.1 and 26(b) of the Court of Federal Claims ("RCFC"), defendant, the United States, respectfully submits the following brief seeking to quash the plaintiff's Rule 30(b)(5) document request and opposing the plaintiff's motion to compel document production pursuant to its Rule 30(b)(5) request. Although the plaintiff's motion seeks an order from this Court compelling 30(b)(6) testimony, the Government previously agreed to produce a Rule 30(b)(6) deponent on the day mutually agreed by the parties, rendering the plaintiff's request moot. The issue at hand is whether the Government will be forced to produce documents pursuant to overly broad and impermissible requests that we received seven days prior to the deposition.

We respectfully request that this Court deny the plaintiff's February 13, 2006, motion to force the Government to provide documents pursuant to Rule 30(b)(5) when the first request for such documents was made seven days prior to the scheduled deposition date.

## STATEMENT OF FACTS

On December 22, 2005, this Court, over the Government's opposition, terminated a previously agreed upon schedule for dispositive motions to allow 60 more days for discovery. In the prior period of fact discovery, the Government had produced more than 2,000 documents to the plaintiff concerning this project. Although it had been the party to request additional discovery, plaintiff, M. Maropakis Carpentry, Inc. ("Maropakis"), did not serve any discovery upon the Government until January 19, 2006. On that date, Maropakis served its second set of written discovery requests in the form of interrogatories and document requests. Def.'s Exs. B and C. These discovery requests sought information for the entire United States Government, as well as seeking information involving a third party, Gale Associates, and "every project since 1990" in which Gale Associates had worked on windows. Def.'s Ex. C. They further made impermissibly broad requests such as "whether any contractor,

subcontractor, construction manager or material supplier on any Government project questioned or commented on the inability to provide a window" identified according to a specification. Id. The Government intends to respond to Maropakis' written January 19 discovery requests, subject to applicable objections, by the due date of February 21, 2006.

In addition, subject to disagreements about the scope of a noticed Rule 30(b)(6) deposition, the Government had agreed to provide a designee upon the February 16, 2006, date orally agreed to by both parties. It was also the Government's intention to provide a Rule 30(b)(6) deponent to testify to the non-existence of mandatory window design specifications. The only limitations upon the Rule 30(b)(6) testimony would be those set by the rules of this Court, which limit such depositions to what is "known or reasonably available."

Although the Rule 30(b)(6) deposition was originally noticed upon January 19, 2006, it was not until February 9, 2006, that Maropakis served a Rule 30(b)(5) request that the Government's deponent bring documents to the deposition. There had been no indication that the more than 2,000 documents that the Government produced in prior discovery were inadequate to facilitate a deposition. Furthermore, these document

requests requested "all documents . . . which concern or govern the content of specifications used in Navy [c]onstruction projects" as well "copies of all standard or sample window specifications" and all "documents relevant to the use of non-standard specifications for windows." Pl.'s Ex. D. On the same day that the Government received the Rule 30(b)(5) document request, the Government sent Maropakis a letter discussing the limits of the scheduled Rule 30(b)(6) deposition. Pl.'s Mot. Ex. E. The same letter noted that RCFC 30(b)(5) "specifies that requests must be made in accordance with Rule 34." Id. The letter concluded that, since the Rule 30(b)(5) deposition had not been served until seven days prior to the deposition, the Rule 30(b)(5) deponent would not bring documents to the deposition or produce any additional documents. On February 13, 2006, plaintiff filed its motion to compel with this Court.

## ARGUMENT

### I. Maropakis's Rule 30(b)(5) Document Request Violates Rule 30(b)(5)

Pursuant to RCFC 34, a party to a case pending before this Court is entitled to 30 days within which to respond to written requests for the production of documents from the opposing party, absent an order from this Court or an agreement of the parties modifying that time. See

RCFC 34 ("[t]he party upon which the request is served shall serve a written response within 30 days after the service of the request"). Further, where a written discovery request is served other than by hand, an additional three days is added to that 30-day time period. See RCFC 6(e). Here, Maropakis served its most recent document production requests upon the United States other than by hand on February 9, 2006. Accordingly, without seeking relief from this Court's rules from the Court, Maropakis was not entitled to demand document production responses from the Government under RCFC 6(e) and 34 until, at the earliest, March 14, 2006. Yet, discovery in this case closes on February 22, 2006. Generally, to be timely, a written discovery request must be served so that the written response is due prior to the close of discovery. See Shell Petroleum, Inc. v. United States, 46 Fed. Cl. 583, 584 (2000); see also Jarvis v. Wal-Mart Stores, Inc., 161 F.R.D. 337, 339 (N.D. Miss. 1995) (requests for admission not timely where served two days before expiration of discovery deadline). Maropakis's knowing decision not to serve its document production requests more than 30 days prior to the scheduled February 22, 2006 close of discovery, and to wait to serve written

document production requests only 13 days prior to the close of discovery, renders its current requests untimely.

The timeliness of Maropakis's document production requests is not affected by Maropakis's reliance upon RCFC 30(b)(5) as the basis for its requests, rather than RCFC 34. As we noted in our February 9, 2006 letter to Maropakis, RCFC 30(b)(5) is defined by and incorporates the timing requirements of RCFC 34:

> The notice to the party deponent may be accompanied by a request made in compliance with RCFC 34 for the production of documents and tangible things at the taking of the [RCFC 30(b)(6)] deposition. The procedure of RCFC 34 shall apply to the request.

RCFC 30(b)(5). As previously discussed, RCFC 34 provides a party with 30 days to respond to written discovery requests, plus an additional three days if the requests were served other than by hand. This Court's rules do not indicate that RCFC 30(b)(5) was intended to be used as a mechanism for a party to demand documents not previously requested in the final days leading up to a deposition. Nor did it intend that a party would serve unreasonable requests close to the end of already extended discovery as a means of forcing the postponement of a deposition that it had insisted upon taking. Maropakis, in serving a demand for document production at a

deposition with only seven days' notice, has violated the clear language, as well as the intent, of the rules of this Court. Maropakis's motion to compel compliance with its unauthorized document production request should be denied and the request quashed.

## II. Maropakis Has Not Demonstrated "Good Cause" To Justify Requiring Defendant To Submit To Further Discovery

"The Federal Circuit has instructed that 'questions of the scope and conduct of discovery are [ ] committed to the discretion of the trial court.'" Vons Companies, Inc. v. United States, 51 Fed. Cl. 1, 5 (2001) (quoting Florsheim Shoe Co. v. United States, 744 F.2d 787, 797 (Fed. Cir. 1984)). "Trial courts enjoy broad discretion in controlling discovery." Shell Petroleum, Inc. v. United States, 46 Fed. Cl. 583, 585 (2000). RCFC 26(b) specifies that this Court may order discovery "for good cause," with the proviso that the Court shall disallow discovery "i) if the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the

importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues [in dispute]."

This Rule 30(b)(5) document request was inappropriate when served. When Maropakis first served its notice for a Rule 30(b)(6) deposition, it originally scheduled the deposition for the beginning of last week, on February 6, 2006. Def.'s Ex. A at ¶ 1. Maropakis did not mention any need for documents aside from quite broad document requests to which it expected the Government to respond 30 days later. Def.'s Ex. B. The Rule 30(b)(6) deposition was scheduled for February 16, 2006, by mutual agreement of the parties.

It was not until February 9, 2005, that the plaintiff made a demand that documents be brought to the deposition scheduled for the next week. Def.'s Ex. A at ¶ 3. The Rule 30(b)(5) document request in question requested that the Navy produce, within the next week, "all documents . . . which concern . . . the content of specifications used in Navy Construction projects," "copies of all sample or standard window specifications used . . . as guidance or requirements for designing windows," and "any other documents relevant to the use of non-standard specifications." Pl.'s Ex. D. Given that Maropakis is alleging that it encountered permissible delay,

and given that Maropakis, in its original fact discovery, responded to the Government's Request for Admission No. 1 that the Navy did not impose any window specification requirements that were not contained in the solicitation or the contract that initiated [this] project", these requests, regarding the origin of sample Navy specifications, are not calculated to lead to the discovery of admissible evidence, as well as being impermissibly broad.

Aside from the obvious breadth of this request, the Government faces obvious obstacles in getting documents and producing them for a deposition that the plaintiff long knew would have to be completed before the February 22, 2006, end of the extended discovery period. Def.'s Ex. A. This was not a request with which Maropakis could reasonably have expected the Government to comply. This Court should not force the Government to do what it cannot. Nor should this Court allow this last minute request to be used as a tool to delay an already scheduled deposition that the plaintiff requested.

Maropakis has never alleged or given any proof that the documents it requested are necessary for the deposition which the parties have agreed to take this Thursday February 16, 2006. Indeed, after waiting until almost

half of the extended discovery period had elapsed, Maropakis's initial Notice of Deposition did not include any document request or give any indiction that Maropakis required documents beyond the more than 2,000 documents that the Government has already provided in discovery or any documents that might be produced upon February 21, 2006 pursuant to Maropakis's additional January 19, 2006 document request. There is no need for the Government to be obligated to produce additional documents at the deposition when the request for such documents, coming seven days prior to the agreed upon deposition date, is unreasonable, unnecessary, and unduly burdensome.

## CONCLUSION

For the foregoing reasons, defendant respectfully requests that this Court deny plaintiff's motion to compel production of documents at a deposition scheduled for this Thursday and quash the plaintiff's belated and overly broad discovery requests.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Donald E. Kinner
DONALD E. KINNER
Assistant Director

s/ James D. Colt
JAMES D. COLT
Trial Attorney
Department of Justice
Civil Division
Commercial Litigation Branch
1100 L. Street, NW
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Tel: (202) 305-7562
Fax: (202) 305-7643

February 15, 2006

Attorneys for Defendant

Defendant's Exhibit A

UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| M. MAROPAKIS CARPENTRY, Inc. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 03-2825 |
| v. | ) | |
| | ) | (Judge Baskir) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

AFFIDAVIT OF JAMES D. COLT IN SUPPORT OF DEFENDANT'S MOTION TO QUASH AND OPPOSITION TO PLAINTIFF'S EMERGENCY MOTION TO COMPEL TESTIMONY AND PRODUCTION OF DOCUMENTS OR, IN THE ALTERNATIVE FOR A MODIFICATION TO THE PROCEDURAL SCHEDULE

1. My name is James D. Colt. I am currently lead Government counsel on the above titled matter.

2. Maropakis originally scheduled this Rule 30(b)(6) deposition in this matter for February 6, 2006. At the agreement of the parties, the deposition was set for February 16, 2006, within the discovery deadline set by this Court's December 22, 2005 order.

3. At no time prior to February 9, did Maropakis indicate that it desired that any documents, in addition to the more than 2,000 documents which the Government has already produced, be produced at the deposition.

4. Even if the documents requested by the plaintiff were discoverable, the logistical difficulties in compiling such documents prior to the deposition, as well as reviewing them for privilege, and subjecting them to the required internal review by my superiors would have made it impossible to compile and produce documents on such short notice.

5. It is the Government's intention to produce a Rule 30(b)(6) deponent upon February 16, 2006, to testify subject to the limits set by Rule 30(b)(6) of this Court and to produce any discoverable documents responsive to plaintiff's January 19, 2006, document request, if such documents were not previously included in the Government's prior production of more than 2,000 documents to plaintiff.

6. The Government's Rule 30(b)(6) deponent is further expected to testify regarding the applicability of specifications and the leeway given architect and engineering contractors in designing specifications.

Under penalty of perjury, I hereby attest that the above is accurate and correct to the best of my knowledge and belief.

Date:________________ ______________________________
James D. Colt

Defendant's Exhibit B

Defendant's Exhibit C

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of February, 2006, a copy of the foregoing DEFENDANT'S MOTION TO QUASH AND OPPOSITION TO PLAINTIFF'S EMERGENCY MOTION TO COMPEL TESTIMONY AND PRODUCTION OF DOCUMENTS OR, IN THE ALTERNATIVE, FOR A MODIFICATION TO THE PROCEDURAL SCHEDULE was filed electronically. I understand that notice of this filing will be sent to all parties of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ James D. Colt