Defendant's Exhibit A

UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| M. MAROPAKIS CARPENTRY, Inc. | ) | |
| Plaintiff, | ) | Case No. 03-2825 |
| v. | ) | (Judge Baskir) |
| UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | |

AFFIDAVIT OF JAMES D. COLT IN SUPPORT OF DEFENDANT'S MOTION TO QUASH AND OPPOSITION TO PLAINTIFF'S EMERGENCY MOTION TO COMPEL TESTIMONY AND PRODUCTION OF DOCUMENTS OR, IN THE ALTERNATIVE FOR A MODIFICATION TO THE PROCEDURAL SCHEDULE

1. My name is James D. Colt. I am currently lead Government counsel on the above titled matter.

2. Maropakis originally scheduled this Rule 30(b)(6) deposition in this matter for February 6, 2006. At the agreement of the parties, the deposition was set for February 16, 2006, within the discovery deadline set by this Court's December 22, 2005 order.

3. At no time prior to February 9, did Maropakis indicate that it desired that any documents, in addition to the more than 2,000 documents which the Government has already produced, be produced at the deposition.

4. Even if the documents requested by the plaintiff were discoverable, the logistical difficulties in compiling such documents prior to the deposition, as well as reviewing them for privilege, and subjecting them to the required internal review by my superiors would have made it impossible to compile and produce documents on such short notice.

5. It is the Government's intention to produce a Rule 30(b)(6) deponent upon February 16, 2006, to testify subject to the limits set by Rule 30(b)(6) of this Court and to produce any discoverable documents responsive to plaintiff's January 19, 2006, document request, if such documents were not previously included in the Government's prior production of more than 2,000 documents to plaintiff.

6. The Government's Rule 30(b)(6) deponent is further expected to testify regarding the applicability of specifications and the leeway given architect and engineering contractors in designing specifications.

Under penalty of perjury, I hereby attest that the above is accurate and correct to the best of my knowledge and belief.

Date: 2/15/06

James D. Colt
James D. Colt

Defendant's Exhibit B

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| M. MAROPAKIS CARPENTRY, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 03-2825C |
| v. | ) | |
| | ) | (Judge Baskir) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**M. MAROPAKIS CARPENTRY, INC.'S REQUEST FOR**
**PRODUCTION OF DOCUMENTS – SECOND SET**

PLEASE TAKE NOTICE that you are hereby required, pursuant to the Rules of the Court of Federal Claim 34, to produce for inspection, examination, and copying, all documents responsive to the following Requests for Production not later than thirty (30) days after service of these Requests. These Requests shall be continuing. If, between the time of producing such documents and the trial of this case, you or anyone acting on your behalf learn of additional documents responsive to these Requests, you shall produce such documents by supplemental response.

**DEFINITIONS AND INSTRUCTIONS**

(A) "You," "your" and/or "the Navy" or the "Government" refers to Defendant, United States, and its representatives or agents, if any.

(B) "Maropakis" means M. Maropakis Carpentry, Inc. the plaintiff in this action.

(C) "And" and "or" shall be construed conjunctively and disjunctively so as to bring within the scope of this Request for Production any information which might otherwise be construed to be outside its scope.

(D) The word "document" means any correspondence, memoranda, inter-office communication, intra-office communication, agreement, minute, report, note, schedule, book of account, ledger, invoice, receipt, purchase order, pleading, questionnaire, contract, bill, check, draft,

diary, log, proposal, bid, recording, telex, telegram, drawing, picture, table, graph, chart, map or survey, including the originals and working drafts of all of the above, and any copies thereof which are different from the original by way of interlineations or notation, any transcript or summary of the foregoing, and any other tangible data compilations from which information may be obtained, no matter how stored, including internet, e-mail, and word processing files.

(E) If you claim that the subject matter of a document or oral communication is privileged you are required to identify the document or communication by stating the following information:

(1) Its nature (e.g., letter, memorandum, tape recording, etc.);

(2) Its date (or if it bears no date, the date when it was prepared);

(3) The name, address, employer and job position of the signer or signers (or if there is no signer, of the person who prepared it);

(4) The name, address, employer and job position of the person, if any, to whom the document was sent;

(5) The name, address, employer and job position of each person known or believed to have originals of copies of the documents; or

(6) A brief statement of the subject matter of the document; and state each ground or basis on which you contend that the document or oral communication is privileged.

(F) If you do not have possession, custody or control of a document request, but know who does have possession, custody or control, you are required to identify the document and the person who has possession, custody or control in the manner requested in subparagraph (E) thereof.

## DOCUMENTS REQUESTED

1. A copy of all contracts on projects where Gale was the design professional for the United States Government.

2. A copy of specification section 08520 for each of the projects for which Gale was the design professional for a United States' Government.

3. Copies of all mandatory design specifications for windows issued by the U.S. Government from 1998 through and including 2005.

4. A copy of all specifications and a list of projects where Gale specified P-HC-40 (optimal performance class) windows or a window other than approved by the AAMA 101.

5. Any and all correspondence from Contractors, subcontractors, or the Government on any project regarding specification section 08520.

6. Documents identifying individuals from the United States Government or Gale, who modified specification section 08520 for the project that is the subject of this lawsuit.

7. For each project where Gale was the design professional for the United States Government, all written authorizations for modifications to specification section 08520.

RHOADS & SINON LLP

By: ______________________
David W. Francis, Esquire
Kelly H. Decker, Esquire
One South Market Square, 12th Floor
P. O. Box 1146
Harrisburg, PA 17108-1146
(717) 233-5731

Attorneys for Plaintiff
M. Maropakis Carpentry, Inc.

**CERTIFICATE OF SERVICE**

I hereby certify that on January 19, 2006, a true and correct copy of the attached M. MAROPAKIS CARPENTRY, INC.'S REQUESTS FOR PRODUCTION OF DOCUMENTS – SECOND SET was served by means of United States mail, first class, postage prepaid, upon the following:

James D. Colt, Esq.
United States Department of Justice
Commercial Litigation Branch, Civil Division
Classification Unit
1100 L Street, N.W., 8th Floor
Washington, DC 20530

David W. Francis

Defendant's Exhibit C

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| M. MAROPAKIS CARPENTRY, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 03-2825C |
| v. | ) | |
| | ) | (Judge Baskir) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**M. MAROPAKIS CARPENTRY, INC.'S INTERROGATORIES**
**DIRECTED TO THE UNITED STATES – SECOND SET**

PLEASE TAKE NOTICE that you are hereby required, pursuant to the Rules of the Court of Federal Claim 34, to produce for inspection, examination, and copying, all documents responsive to the following Requests for Production not later than thirty (30) days after service of these Requests. These Requests shall be continuing. If, between the time of producing such documents and the trial of this case, you or anyone acting on your behalf learn of additional documents responsive to these Requests, you shall produce such documents by supplemental response.

**DEFINITIONS AND INSTRUCTIONS**

(A) "You," "your" and/or "the Navy" or the "Government" refers to Defendant, United States, and its representatives or agents, if any.

(B) "Maropakis" means M. Maropakis Carpentry, Inc. the plaintiff in this action.

(C) "And" and "or" shall be construed conjunctively and disjunctively so as to bring within the scope of this Request for Production any information which might otherwise be construed to be outside its scope.

(D) The word "document" means any correspondence, memoranda, inter-office communication, intra-office communication, agreement, minute, report, note, schedule, book of account, ledger, invoice, receipt, purchase order, pleading, questionnaire, contract, bill, check, draft,

diary, log, proposal, bid, recording, telex, telegram, drawing, picture, table, graph, chart, map or survey, including the originals and working drafts of all of the above, and any copies thereof which are different from the original by way of interlineations or notation, any transcript or summary of the foregoing, and any other tangible data compilations from which information may be obtained, no matter how stored, including internet, e-mail, and word processing files.

(E) If you claim that the subject matter of a document or oral communication is privileged you are required to identify the document or communication by stating the following information:

(1) Its nature (e.g., letter, memorandum, tape recording, etc.);

(2) Its date (or if it bears no date, the date when it was prepared);

(3) The name, address, employer and job position of the signer or signers (or if there is no signer, of the person who prepared it);

(4) The name, address, employer and job position of the person, if any, to whom the document was sent;

(5) The name, address, employer and job position of each person known or believed to have originals of copies of the documents; or

(6) A brief statement of the subject matter of the document; and state each ground or basis on which you contend that the document or oral communication is privileged.

(F) If you do not have possession, custody or control of a document request, but know who does have possession, custody or control, you are required to identify the document and the person who has possession, custody or control in the manner requested in subparagraph (E) thereof.

## INTERROGATORIES

1. Identify each and every project since 1990 where Gale was the design professional for the United States Government that included the removal and replacement of windows and/or installation of new windows.

2. For each project identified in Interrogatory Number 1 above, identify the windows specified in section 08520. Attach all supporting documents.

3. Identify all mandatory design master specifications for windows issued by the U.S. Government from 1998 through and including 2005.

4. Identify a list of Government projects in which a design professional specified "P-HC-40 (optimal performance class)" windows and identify the water resistance test pressure specified for each such window.

5. State whether any contractor, subcontractor, construction manager or material supplier on any Government project questioned or commented on the inability to provide a window identified in specification section 08520.

6. Identify any individual who, on behalf of either the United States or Gale, authorized a modification of the specification section 08520 for the project that is the subject of this litigation and state whether that authorization was oral or written. Attach all supporting documents.

RHOADS & SINON LLP

By: ______________________________

David W. Francis, Esquire
Kelly H. Decker, Esquire
One South Market Square, 12th Floor
P. O. Box 1146
Harrisburg, PA 17108-1146
(717) 233-5731

Attorneys for Plaintiff
M. Maropakis Carpentry, Inc.

**CERTIFICATE OF SERVICE**

I hereby certify that on January 19, 2006, a true and correct copy of the attached M. MAROPAKIS CARPENTRY, INC.'S INTERROGATORIES DIRECTED TO THE UNITED STATES – SECOND SET was served by means of United States mail, first class, postage prepaid, upon the following:

James D. Colt, Esq.
United States Department of Justice
Commercial Litigation Branch, Civil Division
Classification Unit
1100 L Street, N.W., 8th Floor
Washington, DC 20530

David W. Francis