**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| M. MAROPAKIS CARPENTRY, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 03-2825C |
| v. | ) | |
| | ) | (Judge Baskir) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**MOTION TO COMPEL TESTIMONY FROM PROPER DESIGNEE AND TO COMPEL PRODUCTION OF DOCUMENTS**

Plaintiff, M. Maropakis Carpentry, Inc. ("Maropakis"), by and through its counsel, pursuant to Rule 37 of the Rules of the United States Court of Federal Claims ("RCFC" or the "Court Rules"), moves to compel the United States to produce the proper United States Designee to testify on certain subjects identified in the February 9, 2006 revised Notice of Deposition of Designee for the United States and to produce related documents requested pursuant to RCFC 30(b)(5) as follows:

1. Maropakis' action against the United States ("United States," the "Department of the Navy" or the "Navy") includes a claim that the window specifications issued as part of the construction contract between the parties

contained deficiencies as well as errors, and further specified a window that did not exist.

2. In relation thereto and pursuant to a discovery extension granted by this Honorable Court on November 22, 2005,[1] Maropakis has attempted in good faith to obtain discovery from the United States regarding, among other subjects:

a. whether at the time the contract was let for bid, the United States had mandatory or recommended design specifications for windows; and,

b. whether the United States violated the mandatory or recommended design specifications in the contract documents provided to Maropakis.[2]

3. In that regard, on January 19, 2006, Maropakis served a Notice of Deposition for the Designee of the United States to seek the information of the nature identified above in Paragraph 2 and referenced in Maropakis' Motion to

---

1 See November 22, 2005 Order granting Motion to Extend Discovery.

2 On October 17, 2005, Maropakis filed a Motion to Extend Discovery to conduct the discovery identified in this averment. See Reply Brief in Support of Motion to Extend Discovery, p.1.

Extend Fact Discovery. A copy of the Notice of Deposition is attached as Exhibit "A."

4. In the Notice of Deposition, Maropakis sought a Corporate Designee to testify regarding, among other subjects, the mandatory design specifications in effect for windows issued by the United States during a specific and limited time frame, namely, the time of the design phase of the project at issue here until the end of construction.

5. On January 26, 2006, the United States objected to the Notice of Deposition on the basis that, among other concerns:

a. the Navy did not have access to the information requested because the Navy does not have a means to access agency-wide information relating to a particular contractor or the procurement history of a particular good;

b. the Notice of Deposition sought information on projects other than the project at issue in this litigation; and

c. the request was impermissibly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

A copy of the Navy's correspondence is attached as Exhibit "B."

6. In light of those objections, the United States initially refused to produce a Designee of the United States who purportedly had knowledge sufficient to testify on the subjects identified in the Notice of Deposition dated January 19, 2006. In a letter dated January 26, 2006, counsel for the United States stated that it "shall only make available a 30(b)(6) deponent to testify according to a scope defined by the project at issue in this litigation as well as any information involving the window specification of which the Naval officials involved in this matter are reasonably aware." In other words, quite simply, the United States refused to produce a witness to testify regarding whether there were, in fact, mandatory specifications for construction projects during the time period relevant to the project at issue in this case. See Exhibit "B."

7. Without question, the objections and outright refusal of the United States to even attempt to produce one or more representatives from the Navy who may possess the relevant information that Maropakis sought in the Notice of Deposition dated January 19, 2006 was unacceptable and in violation of the Court Rules.

8. Nevertheless, in the spirit of cooperation, on February 9, 2006, Maropakis sent a revised Notice of Deposition of the Designee of the United States in an attempt to address, in particular, the general objection of the United States that the initial Notice of Deposition was overly broad. The revised Notice of Deposition was therefore more narrowly drawn so as to make clear that Maropakis was only requesting testimony related specifically to the project at issue and which the Navy could reasonably be expected to produce, including, among other subjects, the following specific requests:

> (1) The existence of any statutes, acts, regulations, directives, standards, handbooks or other publications that address standard specifications for construction projects. This includes, but is not limited to, standard specifications for windows. ["Request No. 1"]
>
> (2) The existence of any statutes, acts, regulations, directives, standards, handbooks or other publications which address any mandatory requirements for compliance with standard specifications for construction projects. This includes, but is not limited to, mandatory specifications for windows. ["Request No. 2"]
>
> (3) The existence of any statutes, acts, regulations, directives, standards, handbooks or other publications that address modifications of standard specifications for construction projects. This includes, but is not limited to, mandatory specifications for windows. ["Request No. 3," together with Request No. 1 and Request No. 2, the "Disputed Requests"]

A copy of the revised Notice of Deposition is attached as Exhibit "C."

9. Simultaneously, Maropakis served a Request for Production of Documents at the Deposition of the Navy's Designee. All documents requested related to the narrowly-tailored areas of testimony identified in the amended Notice of Deposition, including specifically the Disputed Requests. A copy of the Request for Production of Documents pursuant to Rule 30(b)(5) is attached as Exhibit "D."

10. In a letter dated February 9, 2006, the United States initially objected to the Disputed Requests in the revised Notice of Deposition principally on the basis that the information sought was otherwise available to Maropakis. Further, in the same letter, the United States asserted that the Request for Production was issued without ample advance notice and that therefore the United States would produce no documents whatsoever at the designee deposition, without regard to whether there were any documents that could, in fact, still be produced at the deposition without unreasonably burdening the United States or its designee. A copy of the United States' February 9, 2006 letter is attached as Exhibit "E."

11. Subsequently, on February 16, 2006, the United States presented Lonnie Ray Moyer for deposition as the designee for the Department of the Navy in response to the revised Notice of Deposition. Mr. Moyer had previously been

deposed in this litigation, although not as a designee for the Department of the Navy. A copy of the transcript of the February 16, 2006 deposition ("Designee Dep.") is attached as Exhibit "F." (See, as to prior testimony, Designee Dep., p. 4, ln. 24; and, as to designee status, Designee Dep., p. 5, ln. 24-25; p. 6, ln. 1-2).

12. At the deposition, Mr. Moyer was presented with a copy of the revised Notice of Deposition. He confirmed that he had seen the revised Notice of Deposition before and further confirmed that he had been identified by the United States to testify with respect to **all** of the issues listed in the revised Notice of Deposition, which therefore obviously included the Disputed Requests. (Designee Dep., p. 6, ln. 8-16).

13. With respect to Request No. 1, Moyer testified that he was not aware of any statute[3] that governed standard specifications for constructions projects undertaken by the Department of the Navy. However, when asked who within the Department of the Navy would be aware of such a statute, counsel for the United

---

[3] As reflected in the transcript, Mr. Moyer's response was prompted by "coaching" from counsel for the United States. (Designee Dep., p. 8, ln. 7-9). Such "coaching" of the witness on the part of counsel for the United States occurred with troubling frequency throughout Mr. Moyer's deposition. See, e.g., Designee Dep., p. 32, ln. 2-14; p. 54, ln. 20-23; p. 67, ln. 14-24; p. 76, ln. 2-4.

States objected that such "knowledge, regulations and statutes ... would be equally available to the plaintiff" and, further stated that the United States was "not going to produce anybody to testify with regard to statutes or regulations that Maropakis has equivalent access to." (Designee Dep., p. 8, ln. 3-25; p. 9, ln. 1-25; p. 10, ln. 1-11).

14. Subsequently, Moyer did, however, state that he was not aware of anyone within the Department of the Navy who had knowledge of statutes regarding standard specifications for construction projects. (Designee Dep., p. 11, ln. 25; p. 12, ln. 1-2).

15. Similarly, in relation to Request No. 1, Moyer also testified that he was not aware of anyone within the Department of the Navy who would be aware of any regulations that governed standard specifications for constructions projects, nor was he aware himself of, or was he aware of anyone within the Department of the Navy who would have knowledge of, directives that addressed standard specifications for construction projects during the design phase of the project. (Designee Dep., p. 30, ln. 25; p. 31, ln. 1-25; p. 31, ln. 1).

16. Therefore, with respect to Request No. 1, which seeks information regarding the existence of, and the Department of the Navy's knowledge of, legal

requirements regarding standard specifications for construction projects – an issue of critical importance to Maropakis's claims – Mr. Moyer, the designee presented by the Department of the Navy to testify about such subjects, testified that he had no knowledge of the subject, including no knowledge of who in the Department of the Navy would have such knowledge. It is further worth noting that these entirely non-responsive answers as to Request No. 1 that were provided by Mr. Moyer were provided only in the face of repeated objections of counsel for the United States that Mr. Moyer should not respond to questions related to Request No. 1, despite the fact that Mr. Moyer clearly had no knowledge in relation to Request No. 1 in any event.

17. Maropakis was similarly frustrated in its attempts to acquire testimony in relation to Request No. 2 (Designee Dep., p. 36, ln. 5-25, p. 37, ln. 1-11) and Request No. 3 (Designee Dep., p. 39, ln. 6-25; p. 40, ln. 1-11). Put simply, Maropakis was challenged to even obtain non-responsive answers from Mr. Moyer in relation to the Disputed Requests as counsel for the United States took the position that he was empowered under the Court Rules, without having obtained a protective order, to direct a witness not to answer questions if counsel

deemed the questions to be beyond the appropriate scope of the deposition. (Designee Dep., p. 20, ln. 8-18; p. 23, ln. 12-15).

18. Moreover, the United States did not produce a single document at the deposition in response to the Request for Production of Documents pursuant to Rule 30(b)(5), even though the designee acknowledged that he could have readily produced certain relevant documents that he keeps in his office and uses regularly during the course of his employment. (Designee Dep., p. 61, ln. 1-15).

19. As a result of the total and complete failure of the United States and its designee to produce any information in response to the Disputed Requests, Maropakis reserved the right, as is being exercised herein, during the deposition to file a motion to compel the designation of another witness on the basis that the proffered designee had no knowledge of subjects covered by the Disputed Requests despite the fact the Disputed Requests were disclosed in the revised Notice of Deposition prior to the designation of the witness. Additionally, acting in compliance with Rule 37 of the Court Rules, Maropakis made a good faith attempt, during the course of the deposition and before this motion to compel was filed, to attempt to resolve with the United States the disputes addressed herein regarding the designee's lack of knowledge about discoverable subjects, the total

failure of the United States to produce any documents at the deposition and the interference of counsel for the United States with the designee at the deposition by among other actions, "coaching" the designee or refusing to allow him to answer questions. (Designee Dep., p. 26, ln. 6-11; p. 34, ln. 12-20, see also, fn 3 above).

20. The absurdity of the positions taken by counsel for the United States during the deposition, and the charade that took place as a result thereof, was best demonstrated by the following exchange during the deposition:

Counsel for the United States:

Do you have a question about a specific statute?

Counsel for Maropakis:

I want to know if the Navy is aware that one exists.

Counsel for the United States:

If you have questions about a specific statute, I believe our deponent can answer them.

Counsel for Maropakis:

I asked him specifically about the National Technology and Transfer Act of 1995, and he's indicated he's not familiar with that statute. Is that correct, Mr. Moyer?

Mr. Moyer:

Yes.

Counsel for the United States:

Do you have some specific question about that statute?

Counsel for Maropakis:

Not for somebody who isn't familiar with it, no.

(Designee Dep., p. 24, ln. 1 – 18).

21. In short, the United States appears to have two objections as to why discovery by Maropakis related to the Disputed Requests should not be permitted. First, the United States asserts the Disputed Requests call for a designee to assert conclusions of law. Second, the United States objects that the designee need not respond to inquiries regarding the Disputed Requests because the "statutes, acts, and regulations would have been equally available to Maropakis." (Designee Dep., p. 37, ln. 6-11).

22. The United States' objections are without merit.

23. First, the argument that the information requested through the Disputed Requests constitutes undiscoverable conclusions of law is without any rational basis. Plainly, whether the Department of the Navy was aware of relevant

statutes, regulations and legal requirements, as well as whether such legal materials were accounted for during the design phase of the project are some of the central factual questions at issue in this litigation. Maropakis is in no way calling upon a designee to interpret such legal documents, but rather only to account for their existence during the relevant time period and explain whether they were considered in relation to the project at issue.

24. Second, the argument that the information requested through the Disputed Requests is otherwise available to Maropakis is plainly erroneous. It can not seriously be disputed that the Department of the Navy is the appropriate source, if not the only source, for information regarding whether the Navy was aware of relevant statutes, regulations and legal requirements, as well as whether such legal materials were accounted for during the design phase of the project at issue in this litigation.

25. Third, despite its fervent objections, the United States has not sought, no less obtained, a protective order pursuant to RCFC 26(b) regarding the Disputed Requests, which would otherwise be required to empower the United States to refuse to allow its designee to answer questions properly noticed for deposition as occurred in the deposition at issue here.

26. Fourth, the United States has had more than ample time to both obtain the documents that Maropakis requested in the Request for Production and procure the proper person to testify as to the Disputed Requests in the revised Notice of Deposition. Neither discovery request constituted a new line of inquiry on the part of Maropakis in the present matter in that the requested information in question has been the subject of many filings throughout this litigation including, for example, as follows:

a. The Complaint was filed on December 16, 2003 and alleged that the Navy specified a window that did not exist;

b. Maropakis filed an Amended Complaint further specifying its claims on September 15, 2005, with leave of Court;

c. Maropakis' Motion to Extend the Discovery period in this case, filed on October 17, 2005, specifically identified the areas in which Maropakis sought to conduct discovery regarding the mandatory design specifications in effect when the project at issue was let for bid; and

d. Maropakis served its first Notice of Deposition on the United States as detailed above on January 19, 2006.

27. Upon information and belief, the United States' continued objections and steadfast refusal to produce the requested documents and the appropriate designee to testify stems from its concerns that the testimony that will be elicited and documents sought will reveal information unfavorable to the United States that would support Maropakis' claims and thwart the United States' counterclaim against Maropakis for liquidated damages.

28. Maropakis is entitled to depose a Designee of the Navy who possesses the information requested regarding the errors and deficiencies in the specifications. Deficiencies in contract specifications are directly relevant to the issues that will be argued in dispositive motions in this case. In *R.P. Wallace, Inc. v. United States*, 63 Fed. Cl. 402 (2004), this Court found in favor of the contractor where the contract contained two incompatible window requirements. Maropakis will make a similar argument in its Motion for Summary Judgment, and, if necessary, at trial.

29. Similarly, Maropakis is entitled to the documents requested pursuant to RCFC 30(b)(5).

30. In accordance with RCFC 37(a)(2)(B), as demonstrated above, Maropakis has in good faith conferred or attempted to confer with counsel for the

United States in an effort to secure the information and material without court action.

31. Unfortunately, such efforts at cooperation have been unsuccessful necessitating the present motion. Perhaps the most unfortunate aspect of all resulting from Mr. Moyer's deposition is that through his responses to several questions, it was readily apparent that United States could easily and simply have designated and produced a witness from the Naval Facilities Engineering Command in order to respond to the Disputed Requests as opposed to going through the charade of presenting Mr. Moyer as a designee, who clearly had no knowledge relevant to those requests, and further presenting frivolous objections to the questions presented in any event.

32. More specifically, Mr. Moyer was asked, "[d]o you know whether there are any of the other entities, office[s], departments, division[s], branch[es], units, or other entities responsible for standardization of construction specifications," to which he responded, "[j]ust the Naval Facilities Engineering Command."[4] (Designee Dep., p. 44, ln. 23-25; p. 45, ln. 1-2). Similarly, when

---

[4] The Order that accompanies this Motion therefore requires the Navy to produce a witness from the Naval Facilities Engineering Command.

asked, "[a]re you aware of any command, office, department, division, branch, unit, or other entity that is responsible for approving modifications of construction applications," Mr. Moyer responded, "[t]he [Naval] Facilities Engineering Command is responsible for approving the changes to the guide specs, and they're updated from time to time." [Designee Dep., p. 47, ln. 18-25].

33. Therefore, the United States could have averted the present motion and the continued delay in the conduct of this litigation by simply designating and making available for deposition an appropriate representative of the Naval Facilities Engineering Command to address the Disputed Requests and to produce documents as appropriate pursuant to RCFC 30(b)(5). Having failed to do so, Maropakis had no choice but to file the present motion to ask the Court to intervene and order the United States to provide Maropakis with the discovery it is clearly entitled to receive as described above.

WHEREFORE, Plaintiff M. Maropakis Carpentry, Inc. respectfully requests that this Honorable Court compel Defendant United States of America to produce, as the United States Designee, an appropriate representative of the Naval Facilities Engineering Command to testify on the following subjects listed in the February 9, 2006 revised Notice of Deposition of Designee for the United States:

(1) The existence of any statutes, acts, regulations, directives, standards, handbooks or other publications that address standard specifications for construction projects. This includes, but is not limited to, standard specifications for windows;

(2) The existence of any statutes, acts, regulations, directives, standards, handbooks or other publications which address any mandatory requirements for compliance with standard specifications for construction projects. This includes, but is not limited to, mandatory specifications for windows; and,

(3) The existence of any statutes, acts, regulations, directives, standards, handbooks or other publications that address modifications of standard specifications for construction projects. This includes, but is not limited to, mandatory specifications for windows;

and, further, to produce the documents requested in Maropakis' Request for the Production of Documents at the Deposition of the Navy's Designee as appropriate pursuant to RCFC 30(b)(5).

Respectfully submitted,

RHOADS & SINON LLP

By: /s/ David W. Francis

David W. Francis
Kelly H. Decker
One South Market Square
P. O. Box 1146
Harrisburg, PA 17108-1146
(717) 233-5731

Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on April 24, 2006, a true and correct copy of the foregoing Motion was filed electronically. I understand that notice of this filing will be sent to all parties of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/David W. Francis
David W. Francis