# EXHIBIT B

**U. S. Department of Justice**

**Civil Division**

DEK: JDColt
D.J. No. 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

Telephone:
(202) 305-7562

*Washington, D.C. 20530*

VIA FACSIMILE AND FIRST CLASS MAIL

January 26, 2006

Kelly H. Decker
Rhoads & Sinon, LLP
One Market Square
P.O. Box 1146
Harrisburg, PA 17108
(717) 232-1459

Re: Maropakis Carpentry, Inc. v. United States.
Fed. Cl. No. 03-2825C

Dear Ms. Decker:

This letter responds to your January 19, 2006, Notice of Deposition. Although the notice did not so explicitly state, I assume that your intention is to take the deposition pursuant to Rule 30(b)(6) of the Court of Federal Claims, the rule which provides a mechanism for a designee deposition.

To begin with, your Notice of Deposition seeks a designee to speak for the entire United States Government. However, RCFC 30(b)(6) limits the scope of a permissible designation of a governmental party to a "governmental agency." I must also inform you that the Navy does not have a means to access agency-wide information relating to a particular contractor or the procurement history of a particular type of good. Moreover, the Notice of Deposition is unduly burdensome and broad in that it seeks information regarding projects upon which Gale worked regardless of whether it involved the window types at issue in this case as well as information regarding AAMA specifications and other information related to projects which would not necessarily have involved the Navy. As such, we would regard a deposition on these subjects as impermissibly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

For these reasons, the Government shall only make available a 30(b)(6) deponent to testify according to a scope defined by the project at issue in this litigation as well as any information involving the window specification of which the Naval officials involved in this matter are reasonably aware. In addition, the unilaterally chosen date of February 6, 2006, precedes the due date of written discovery and does not allow the Government sufficient time to find and prepare a deponent. Accordingly, we shall provide our 30(b)(6) deponent upon a

mutually-agreed upon date that allows sufficient time to gather the information requested. For this deposition, I can tentatively suggest February 15, 16, or 17 of 2006.

If you have any questions, please do not hesitate to contact me at (202) 305-7562.

Very truly yours,

James D. Colt

James D. Colt
Trial Attorney