IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| M. MAROPAKIS CARPENTRY, INC., | ) | |
| Plaintiff, | ) | No. 03-2825C |
| v. | ) | (Judge Baskir) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

DEFENDANT'S BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL TESTIMONY FROM A PROPER DESIGNEE AND TO COMPEL PRODUCTION OF DOCUMENTS

Pursuant to Rule 7.1 of the Court of Federal Claims ("RCFC"), defendant, the United States, respectfully submits the following opposition to plaintiff's Motion To Compel Testimony From A Proper Designee And To Compel Production Of Documents. For the reasons described herein, we respectfully request that this Court deny the plaintiff's April 24, 2006, motion to compel.

QUESTION PRESENTED

1. Whether this Court should order the Government to comply with a RCFC 30(b)(5) demand for documents when that demand did not comply with RCFC 30(b)(5) and when the Government has already turned over any documents relevant to this case.

2. Whether this Court should order the Government to provide a 30(b)(6) deponent when the 30(b)(6) deponent that the Government already provided answered whatever relevant and permissible questions the plaintiff asked.

## STATEMENT OF FACTS

On July 6, 2005, Maropakis requested that this Court allow it to file a new complaint. Maropakis's brief in support of its motion to amend its complaint noted that the allegations it was adding had been "addressed in substantial detail" in discovery and assured this Court that further discovery would not be needed and that the issues stated in the amendment would not be used to seek further delay. Pl.'s Mot. to Amend Compl. at 2, 7-9. On September 25, 2005, the Court allowed Maropakis to amend its complaint and noted that the Government would be allowed additional time to file its dispositive motion. Twenty-two days later, Maropakis moved to reopen discovery in this matter.

On December 22, 2005, this Court, over the Government's opposition, extended discovery to February 22, 2006. Although it had been the party to request additional discovery, plaintiff, M. Maropakis Carpentry, Inc. ("Maropakis"), did not serve any discovery upon the Government until

January 19, 2006. Def.'s Exs. A and B. It's new discovery requests sought information for the entire United States Government, as well as seeking information involving a third party, Gale Associates, and "every project since 1990" in which Gale Associates had worked on windows. Id. They further made impermissibly broad requests such as "whether any contractor, subcontractor, construction manager or material supplier on any Government project questioned or commented on the inability to provide a window" identified according to a specification. Id. Although, in the prior period of fact discovery, the Government had produced more than 4,000 documents to Maropakis, on February 21, 2006, we responded to Maropakis' second set of discovery requests. Maropakis has never asserted, either through communication with defendant's counsel or through any motion to this Court, that the Government's responses to these written discovery requests were inadequate.

Rule 30(b)(6) Deposition And Rule 30(b)(5) Document Demand-

On January 19, Maropakis also served us with a Notice of Deposition pursuant to Rule 30(b)(6). Subject to disagreements about the scope of the 30(b)(6) deposition, the Government agreed to provide a designee upon February 16, 2006 with the declared intention that the deponent

testify to the non-existence of mandatory window design specifications. We also noted that any Rule 30(b)(6) testimony would be limited by the rules of this Court, which limit such depositions to what is "known or reasonably available." Def.'s Mot. In Opp'n To Feb. 13, 2006 Mot. to Compel at 3.

One week prior to the deposition, on February 9, 2006, Maropakis served a Rule 30(b)(5) request that the Government's deponent bring documents to the deposition. Maropakis sought "all documents . . . which concern or govern the content of specifications used in Navy [c]onstruction projects" as well "copies of all standard or sample window specifications" and all "documents relevant to the use of non-standard specifications for windows." On the same day that the Government received the Rule 30(b)(5) document request, the Government sent Maropakis a letter discussing the limits of the scheduled Rule 30(b)(6) deposition. Pl.'s Mot. Ex. E. The same letter noted that RCFC 30(b)(5) "specifies that requests must be made in accordance with Rule 34." Id. The letter concluded that, since the Rule 30(b)(5) deposition had not been served until seven days prior to the deposition, and violated both Rules 30(b)(5) and 34, the Rule 30(b)(6) deponent would not bring documents to the deposition. On

February 16, Maropakis, with full knowledge that the defendant's witness would not produce any documents, took the scheduled deposition. On February 22, 2006, pursuant to this Court's December 22, 2006, order, the extended discovery period ended. On April 24, 2006, Maropakis filed the instant motion currently before the Court.

## ARGUMENT

The motion by Maropakis to compel more document production and a continuing deposition should be denied on both counts. Maropakis's Rule 30(b)(5) document demand violated Rule 30(b)(5) at the time that it was issued; and, in any case, the plaintiff has received documents relevant to this case through the Government's document production pursuant to two sets of timely document requests that did comply with the rules of the Court. Furthermore, the 30(b)(6) deponent that we provided answered specific questions asked regarding the applicability of specification guidelines and the actions of the Navy. Ordering another deposition because Maropakis dislikes the answers that it received from our 30(b)(6) deponent would set up conditions for interminable discovery. For these reasons, this Court should deny the motion to compel and order a schedule for dispositive motions.

## I. Discovery Matters Are Committed To The Discretion Of This Court

"The Federal Circuit has instructed that 'questions of the scope and conduct of discovery are [ ] committed to the discretion of the trial court.'" Vons Companies, Inc. v. United States, 51 Fed. Cl. 1, 5 (2001) (quoting Florsheim Shoe Co. v. United States, 744 F.2d 787, 797 (Fed. Cir. 1984)). "Trial courts enjoy broad discretion in controlling discovery." Shell Petroleum, Inc. v. United States, 46 Fed. Cl. 583, 585 (2000). RCFC 26(b) specifies that this Court may order discovery "for good cause," with the proviso that the Court shall disallow discovery "i) if the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues [in dispute]."

## II. Maropakis' 30(b)(5) Demand Violated The Rules Of This Court And Is Now Moot

### A. Maropakis's Rule 30(b)(5) Document Request Violated Rule 30(b)(5)

Although Maropakis makes much of our refusal to bring documents to the deposition, it is clear that we did not violate the rules of this Court. Rather, the plaintiff's document request did not comply with RCFC 30(b)(5). Pursuant to RCFC 34, a party to a case pending before this Court is entitled to 30 days within which to respond to written requests for the production of documents from the opposing party. See RCFC 34 ("[t]he party upon which the request is served shall serve a written response within 30 days after the service of the request"). However, with its prior 30(b)(5) document requests, Maropakis demanded that we, within one week, produce "all documents including regulations, memoranda, orders, pamphlets, handbooks, or other such items) which concern or govern the content of specifications used in Navy Construction projects" and "[a]ny other documents relevant to the use of non-standard specifications for windows." Pl.'s Ex. D. In serving a demand for document production at a deposition with only seven days' notice, Maropakis violated the clear language, as well as the intent, of the rules of

this Court. Because, even at the time that they were issued, these document requests did not comply with the rule of this Court under which they were supposedly made, the Court should deny Maropakis's motion concerning additional document production. In addition, given that Maropakis already has the Military Handbook, which our deponent testified governed specifications, it has already received all the documents which would be responsive to its untimely 30(b)(5) request. An order compelling further document production would be duplicative and cumulative of our prior productions of documents.

B. Since That 30(b)(5) Request Was Made, We Have Completed The Noticed 30(b)(6) Deposition And Given Adequate Responses To Maropakis's Timely Document Requests

Aside from the fact that Maropakis's 30(b)(5) document request violated the rules of this Court, Maropakis has received all documents relevant to this case in response to the timely document requests that it has made. The Navy has already produced the documents that Maropakis could reasonably hope to derive from fact discovery, and Maropakis already has the Military Handbook which our deponent testified governed the application of such specifications. In the original fact discovery, we produced over 4,000 documents in response to Maropakis's broad

requests for "[t]he Navy's entire project file for the project," and "[a]ny and all documents relating to the specifications for the windows," as well as "any and all documents relating to the design of the project" and "[a]ny and all documents relating to the construction of the project." Def.'s Ex. C, Doc. Reqs. 1, 6, 8, 22. In the second half of the extended discovery period that this Court allowed the plaintiff, Maropakis propounded further document requests concerning the window specifications that were quite broad. Def.'s Ex. B. On February 21, 2006, we served Maropakis with responses to its discovery requests. Maropakis has never alleged that our responses to these document requests were inadequate. The only purpose that would have been accomplished by its Rule 30(b)(5) document demand would have been to require that the Government bring duplicate documents to the deposition with one week's notice, contrary to Rule 30(b)(5).

In our February 15, 2006, opposition to the plaintiff's "emergency" motion to compel, the Government informed both Maropakis and this Court that it would not produce documents at the deposition. However, the plaintiff proceeded with and completed the 30(b)(6) deposition on February 16, 2006, without any complaint that it could not conduct the deposition for

want of a 30(b)(5) document production. It is clear that Maropakis possessed the documents it required upon which to examine our 30(b)(6) deponent. Maropakis had the opportunity to thoroughly examine our 30(b)(6) deponent upon the contents of the Military Handbook 1006, and its application to this contract. Pl.'s Ex. F at 65-75. Since whatever opportunity Maropakis alleges it missed in this deposition was not due to a lack of access to documents at the deposition, that portion of Maropakis's motion should be denied.

Subsequent to the deposition, the Government made timely responses to the timely document requests in which Maropakis had requested that the Government produce documents by the end of February 2006. Def.'s Ex. B. In short, Maropakis made timely document requests and it made document requests that did not comply with the rules of this Court. We made responses to the former, about which Maropakis has not complained. However, we correctly refused to respond to the latter. There are no further relevant documents that could or should now be produced in this matter.

## III. The 30(b)(6) Deponent That We Provided Afforded Maropakis Adequate Opportunity To Meet The Needs For Which Maropakis Allegedly Sought Discovery

### A. The Discovery Already Completed Has Accomplished The Goals For Which Discovery Was Supposedly Extended

This Court allowed Maropakis limited additional discovery more than five months after fact discovery originally ended, and after this Court had already established a schedule for dispositive motions. Def.'s Ex. D. In its motion seeking discovery, Maropakis declared that it sought discovery only on the following "discrete areas:"

> First, Whether the United States violated any mandatory technical standards in specifying [the windows that the contract specified]. . . . Maropakis wants to conduct discovery regarding whether, at the time the contract was let for bid, the United States had mandatory design specifications for windows and, assuming so, did the United States violate those mandatory design specifications in the contract documents provided to Maropakis.
>
> Second, Maropakis wants to take discovery on whether the United States Navy has awarded other contracts for window replacement that contained similarly defective specifications. This consists of obtaining additional information from the United States and from its consultant about other projects where windows were replaced.

Def,'s Ex. D at 3. In conjunction with this, Maropakis' motion mentioned several laws and Defense Department publications, although it chose to

ask the Navy's 30(b)(6) nominee only one question (which our deponent answered) about only one of them at the February 16, 2006 deposition. Pl.'s Ex. F at 75; Def.'s Ex. D at 3. The Navy's 30(b)(6) representative did testify that there was no such thing as a mandatory specification that could not be deviated from. Pl.'s Ex. F at 76-78. Among the reasons that the plaintiff advanced for discovery in this matter, there are none that Maropakis did not have the opportunity to satisfy at the February 16 deposition or in its written discovery requests. Under the RCFC 26(b) i-iii standard cited above, this Court should not grant Maropakis yet further discovery. There is no reason, consistent with the declared purposes of extending discovery, for again putting off dispositive motions in this matter.

B. Maropakis Is Dissatisfied Because It Disliked The Answers That It Received

In response to Maropakis's ostensible search for information regarding Navy requirements regarding specification guidelines, our 30(b)(6) deponent testified that there were no prohibitions on a project designer tailoring specification guidelines for a project design. Pl.'s Ex. F at 76-78.[1] Our deponent testified that the Military Handbook spoke to

[1] We note as well that such information would not alter the outcome of this case. This case concerns the cause of delay in completing the

design specifications and that he is not aware of any other directives governing that area. Id. at 7, 29, 35-39. The deponent similarly testified about the Navy's use of regulations. Id. at 42-44. Our deponent further answered specific questions about the Naval Facilities Engineering Command. Id. at 44-46. Our deponent also answered questions he was asked about the tailoring of specifications and that they were "intended to be edited" for projects as well as answering questions regarding how the Navy interacted with design consultants. Id. at 47-60. The deponent

---

project. Maropakis's engineer has testified that the only problems that Maropakis had involved meeting the water resistance and air infiltration requirements which were more stringent than usual and that Maropakis found a manufacturer to make the windows. Rangwalla Depo. at 16, 18-19. Maropakis has admitted that the Navy did not impose any window specifications that were not contained in the solicitation or the contract. As this Court has memorably stated, "the [G]overnment could, if it wanted 'engage a contractor to make snowmen in August.'" Blake Constr. Co., Inc. v. United States, 28 Fed. Cl. 672, 689 (1993) (quoting Rixon Elecs., Inc. v. United States, 210 Ct. Cl. 309, 320, 536 F.2d 1345, 1351 (1976)). Maropakis cannot demonstrate that the more stringent requirements, to which it agreed, are a basis for Government liability. The Government has a right to insist upon contract "performance in strict compliance with contract specifications, and [the Government] is permitted to make its specifications more stringent than applicable industry standards so long as it does so clearly and unambiguously." Western States Constr. Co., Inc. v. United States, 26 Cl. Ct. 818, 820 (1992) (citations omitted). delay); Wilner v. United States, 26 Cl. Ct. 260, 263 (1992). This matter is ripe for the summary judgment motion which was previously scheduled. Maropakis agreed to that schedule.

further testified regarding the application of the Military Handbook. Id. at 64-70. Most importantly, the deponent testified repeatedly that there was no prohibition on a design consultant altering specifications for a project. Id. The fact that Maropakis did not like the testimony is not a valid reason to require another deposition.[2]

C. Maropakis Did Not Ask Factually-Based Questions Regarding Laws That Were Not Unanswerably Broad

The Navy had provided a deponent who was prepared to testify about the Navy's actions during this project and to answer questions the plaintiff might have about adherence to legal requirements for the project. However, plaintiff's counsel only asked the Navy's witness about one specific law, the National Technology and Transfer Act of 1995. Pl.'s Ex. F at 24. When challenged to ask a specific question involving the law or the Navy's actions, plaintiff refused to ask any specific questions about that single proffered law, even as a means of demonstrating what kind of information it was allegedly being deprived. Id. Even though defendant's

[2] We note that, in addition to the fact that, as our 30(b)(6) deponent, a witness from the Naval Facilities Engineering Command would not testify differently regarding the permissibility of deviating from guideline specs, Mr. Moyer answered the questions that plaintiff's counsel asked him regarding this group. Pl.'s Ex. F at 44-45, 47-48.

counsel had traveled to Harrisburg and prepared a witness to discuss the Navy's actions, when given the chance to ask specific questions involving a law that it supposedly believed to be relevant, Maropakis refused to do so. At other points, Maropakis sought testimony regarding the "existence" of statutes and laws that "govern" specifications. Id. at 6-26. However, it was the Government's position throughout that, while the Navy could attest to actions that it had taken in accordance with laws, it was impermissible to ask unanswerably broad questions about laws in general from a fact witness who was prepared to attest to specifics of Navy actions and window specifications. Id.

Maropakis suggests that the Navy should have provided a deponent from the Naval Facilities Engineering Command as a 30(b)(6) deponent. Pl.'s Br. at 17. However, no one from that activity or any other part of the Navy should have testified in response to overbroad, excessively general questions about which statutes were controlling or whether the statutes were adequately complied with. Such general questions have been traditionally objectionable because the general nature of the question calls for a narrative answer. Narrative answers are impermissible pursuant to FRE 402 because such answers may cause the witness to inject irrelevant

and otherwise impermissible material into the record. If Maropakis sought information about the actions that the Navy had undertaken or decided not to undertake, it already had such a witness in Mr. Moyer, who was far more familiar with this project. Maropakis has either made (or had the opportunity to make) permissible inquiries of fact. Moreover, it appeared that Maropakis sought testimony not about the Navy's actions which would be applying various regulations or instructions, but rather questions of the legal significance of the facts as they have emerged. Clearly, such questions are impermissible, especially for a 30(b)(6) witness. Such legal inquiries are for this Court to judge in dispositive motions.

Requiring us to submit to a third round of depositions about the existence of laws and statutes about which Maropakis would have equal knowledge would create conditions of interminable discovery disputation. The Navy would not be able to produce a deponent who could answer such general questions regarding any law or statute about which Maropakis might decide to inquire. As defendant's counsel noted in response to the plaintiff's refusal to ask any specific questions, we "can[no]t provide a witness who has encyclopedic knowledge of all statutes and regulations." Pl.'s Ex. F at 24. While our deponent answered specific

factual questions that Maropakis posed, he should not have been required to give testimony on the broad legal matters upon which Maropakis sought testimony.

CONCLUSION

For the foregoing reasons, defendant respectfully requests that this Court deny plaintiff's motion to compel production of documents at a deposition that occurred almost three months ago, and that this Court deny Maropakis's attempt to further delay dispositive motions by requesting another duplicative and cumulative deposition more than one year after fact discovery originally ended and almost three months after the period of extended discovery has ended.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Donald E. Kinner
DONALD E. KINNER
Assistant Director

s/ James D. Colt
JAMES D. COLT
Trial Attorney
Department of Justice
Civil Division
Commercial Litigation Branch
1100 L. Street, NW
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Tel: (202) 305-7562
Fax: (202) 305-7643

May 18, 2006

Attorneys for Defendant

Defendant's Exhibit A

Defendant's Exhibit B

Defendant's Exhibit C

Defendant's Exhibit D

CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of May, 2006, a copy of the foregoing DEFENDANT'S BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL TESTIMONY FROM A PROPER DESIGNEE AND TO COMPEL PRODUCTION OF DOCUMENTS was filed electronically. I understand that notice of this filing will be sent to all parties of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ James D. Colt