Defendant's Exhibit A

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| M. MAROPAKIS CARPENTRY, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 03-2825C |
| v. | ) | |
| | ) | (Judge Baskir) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**M. MAROPAKIS CARPENTRY, INC.'S INTERROGATORIES**
**DIRECTED TO THE UNITED STATES – SECOND SET**

PLEASE TAKE NOTICE that you are hereby required, pursuant to the Rules of the Court of Federal Claim 34, to produce for inspection, examination, and copying, all documents responsive to the following Requests for Production not later than thirty (30) days after service of these Requests. These Requests shall be continuing. If, between the time of producing such documents and the trial of this case, you or anyone acting on your behalf learn of additional documents responsive to these Requests, you shall produce such documents by supplemental response.

**DEFINITIONS AND INSTRUCTIONS**

(A) "You," "your" and/or "the Navy" or the "Government" refers to Defendant, United States, and its representatives or agents, if any.

(B) "Maropakis" means M. Maropakis Carpentry, Inc. the plaintiff in this action.

(C) "And" and "or" shall be construed conjunctively and disjunctively so as to bring within the scope of this Request for Production any information which might otherwise be construed to be outside its scope.

(D) The word "document" means any correspondence, memoranda, inter-office communication, intra-office communication, agreement, minute, report, note, schedule, book of account, ledger, invoice, receipt, purchase order, pleading, questionnaire, contract, bill, check, draft,

diary, log, proposal, bid, recording, telex, telegram, drawing, picture, table, graph, chart, map or survey, including the originals and working drafts of all of the above, and any copies thereof which are different from the original by way of interlineations or notation, any transcript or summary of the foregoing, and any other tangible data compilations from which information may be obtained, no matter how stored, including internet, e-mail, and word processing files.

(E) If you claim that the subject matter of a document or oral communication is privileged you are required to identify the document or communication by stating the following information:

(1) Its nature (e.g., letter, memorandum, tape recording, etc.);

(2) Its date (or if it bears no date, the date when it was prepared);

(3) The name, address, employer and job position of the signer or signers (or if there is no signer, of the person who prepared it);

(4) The name, address, employer and job position of the person, if any, to whom the document was sent;

(5) The name, address, employer and job position of each person known or believed to have originals of copies of the documents; or

(6) A brief statement of the subject matter of the document; and state each ground or basis on which you contend that the document or oral communication is privileged.

(F) If you do not have possession, custody or control of a document request, but know who does have possession, custody or control, you are required to identify the document and the person who has possession, custody or control in the manner requested in subparagraph (E) thereof.

## INTERROGATORIES

1. Identify each and every project since 1990 where Gale was the design professional for the United States Government that included the removal and replacement of windows and/or installation of new windows.

2. For each project identified in Interrogatory Number 1 above, identify the windows specified in section 08520. Attach all supporting documents.

3. Identify all mandatory design master specifications for windows issued by the U.S. Government from 1998 through and including 2005.

4. Identify a list of Government projects in which a design professional specified "P-HC-40 (optimal performance class)" windows and identify the water resistance test pressure specified for each such window.

5. State whether any contractor, subcontractor, construction manager or material supplier on any Government project questioned or commented on the inability to provide a window identified in specification section 08520.

6. Identify any individual who, on behalf of either the United States or Gale, authorized a modification of the specification section 08520 for the project that is the subject of this litigation and state whether that authorization was oral or written. Attach all supporting documents.

RHOADS & SINON LLP

By: ______________________________

David W. Francis, Esquire
Kelly H. Decker, Esquire
One South Market Square, 12th Floor
P. O. Box 1146
Harrisburg, PA 17108-1146
(717) 233-5731

Attorneys for Plaintiff
M. Maropakis Carpentry, Inc.

**CERTIFICATE OF SERVICE**

I hereby certify that on January 19, 2006, a true and correct copy of the attached M. MAROPAKIS CARPENTRY, INC.'S INTERROGATORIES DIRECTED TO THE UNITED STATES – SECOND SET was served by means of United States mail, first class, postage prepaid, upon the following:

James D. Colt, Esq.
United States Department of Justice
Commercial Litigation Branch, Civil Division
Classification Unit
1100 L Street, N.W., 8th Floor
Washington, DC 20530

David W. Francis

Defendant's Exhibit B

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| M. MAROPAKIS CARPENTRY, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 03-2825C |
| v. | ) | |
| | ) | (Judge Baskir) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**M. MAROPAKIS CARPENTRY, INC.'S REQUEST FOR**
**PRODUCTION OF DOCUMENTS – SECOND SET**

PLEASE TAKE NOTICE that you are hereby required, pursuant to the Rules of the Court of Federal Claim 34, to produce for inspection, examination, and copying, all documents responsive to the following Requests for Production not later than thirty (30) days after service of these Requests. These Requests shall be continuing. If, between the time of producing such documents and the trial of this case, you or anyone acting on your behalf learn of additional documents responsive to these Requests, you shall produce such documents by supplemental response.

**DEFINITIONS AND INSTRUCTIONS**

(A) "You," "your" and/or "the Navy" or the "Government" refers to Defendant, United States, and its representatives or agents, if any.

(B) "Maropakis" means M. Maropakis Carpentry, Inc. the plaintiff in this action.

(C) "And" and "or" shall be construed conjunctively and disjunctively so as to bring within the scope of this Request for Production any information which might otherwise be construed to be outside its scope.

(D) The word "document" means any correspondence, memoranda, inter-office communication, intra-office communication, agreement, minute, report, note, schedule, book of account, ledger, invoice, receipt, purchase order, pleading, questionnaire, contract, bill, check, draft,

diary, log, proposal, bid, recording, telex, telegram, drawing, picture, table, graph, chart, map or survey, including the originals and working drafts of all of the above, and any copies thereof which are different from the original by way of interlineations or notation, any transcript or summary of the foregoing, and any other tangible data compilations from which information may be obtained, no matter how stored, including internet, e-mail, and word processing files.

(E) If you claim that the subject matter of a document or oral communication is privileged you are required to identify the document or communication by stating the following information:

(1) Its nature (e.g., letter, memorandum, tape recording, etc.);

(2) Its date (or if it bears no date, the date when it was prepared);

(3) The name, address, employer and job position of the signer or signers (or if there is no signer, of the person who prepared it);

(4) The name, address, employer and job position of the person, if any, to whom the document was sent;

(5) The name, address, employer and job position of each person known or believed to have originals of copies of the documents; or

(6) A brief statement of the subject matter of the document; and state each ground or basis on which you contend that the document or oral communication is privileged.

(F) If you do not have possession, custody or control of a document request, but know who does have possession, custody or control, you are required to identify the document and the person who has possession, custody or control in the manner requested in subparagraph (E) thereof.

7

**DOCUMENTS REQUESTED**

1. A copy of all contracts on projects where Gale was the design professional for the United States Government.

2. A copy of specification section 08520 for each of the projects for which Gale was the design professional for a United States' Government.

3. Copies of all mandatory design specifications for windows issued by the U.S. Government from 1998 through and including 2005.

7.

4. A copy of all specifications and a list of projects where Gale specified P-HC-40 (optimal performance class) windows or a window other than approved by the AAMA 101.

5. Any and all correspondence from Contractors, subcontractors, or the Government on any project regarding specification section 08520.

6. Documents identifying individuals from the United States Government or Gale, who modified specification section 08520 for the project that is the subject of this lawsuit.

7. For each project where Gale was the design professional for the United States Government, all written authorizations for modifications to specification section 08520.

RHOADS & SINON LLP

By: ______________________

David W. Francis, Esquire
Kelly H. Decker, Esquire
One South Market Square, 12th Floor
P. O. Box 1146
Harrisburg, PA 17108-1146
(717) 233-5731

Attorneys for Plaintiff
M. Maropakis Carpentry, Inc.

7

**CERTIFICATE OF SERVICE**

I hereby certify that on January 19, 2006, a true and correct copy of the attached M. MAROPAKIS CARPENTRY, INC.'S REQUESTS FOR PRODUCTION OF DOCUMENTS – SECOND SET was served by means of United States mail, first class, postage prepaid, upon the following:

James D. Colt, Esq.
United States Department of Justice
Commercial Litigation Branch, Civil Division
Classification Unit
1100 L Street, N.W., 8th Floor
Washington, DC 20530

David W. Francis

Defendant's Exhibit C

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| M. MAROPAKIS CARPENTRY, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 03-2825C |
| v. | ) | |
| | ) | (Judge Baskir) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S RESPONSE TO
PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS-FIRST SET

Pursuant to Rules 26 and 34(b) of the Rules of the United States Court of Federal Claims ("RCFC"), defendant, the United States, respectfully submits its responses to plaintiff, M. Maropakis Carpentry, Inc.'s, request for production of documents.

GENERAL OBJECTIONS

The Government asserts and incorporates by reference the following general objections to Maropakis' request for production of documents as though they were set forth in full in each response.

1. Privileged/Protected Material: The Government objects to each request for production of documents to the extent that it is deemed to require disclosure of classified or confidential information, or protected information; or matters subject to the attorney-client communication privilege, the attorney work product doctrine, the deliberative process privilege, a law enforcement and/or investigatory files privilege, executive privilege, and any other privilege; any statutory or regulatory restriction upon the disclosure of information, including but not limited to the Privacy Act; or information prohibited from being disclosed by law.

2. Discovery Is Not Complete; No Waiver: Discovery has not concluded in this litigation. Accordingly, the responses of the Government to this discovery request are based upon the information available at this stage of the litigation. The Government reserves the right to rely upon any facts, documents, or other evidence which may develop or come to its attention subsequent to this response.

Likewise, the objections made by the Government to plaintiff's first request for production of documents are based upon the information presently known by the Government, and are made without prejudice to the Government's right to assert additional objections in the event that additional grounds for objections should be discovered by the Government subsequent to this response. Moreover, the mere fact that the Government has responded to a particular request for production of documents is not a waiver by the Government of any presently stated, or subsequently asserted, objection to a particular request for production of documents.

3. Information Not In Possession Of Current Employees: The Government objects to each request for production of documents to the extent that it would require the Government to obtain and disclose information that is not within the knowledge or possession of current employees.

4. Unduly Burdensome Request For Production: The Government objects to each request for production of documents to the extent that it is duplicative or otherwise unduly burdensome.

5. Information Beyond The Scope of Permissible Discovery: The Government objects to each request for production of documents to the extent that it requires the Government to furnish information or documents beyond the scope of the RCFC.

Subject to and without waiving the above objections, the Government will provide any relevant non-privileged and responsive information and documents currently available to it that is within the possession, custody and control of the Government, subject only to the requirements for supplementation of responses set forth in RCFC 26(e).

DEFENDANT'S RESPONSES

Document Request No. 1:

The Navy's entire project file for the project.

Response:

Defendant objects that this request is unduly burdensome and not likely to lead to the discovery of admissible evidence to the extent that it calls for the proprietary information of other companies or bidders. Subject to this objection, Defendant states that relevant documents responsive to this request are produced herein at Bates Nos. 1-1012, 1290-1297, 1534-1826, 1831-4587.

Document Request No. 2:

Any and all documents that the Navy intends to use or introduce at trial.

Response:

Defendant objects to this request as premature. Defendant has not yet decided which exhibits it will employ in this matter. We will inform plaintiff of our anticipated trial exhibits in accordance with the schedule set by the Court.

Document Request No. 3:

Any and all documents identified in answers to Interrogatories.

Response:

Documents responsive to this request are produced herein at Bates Nos. 1-1012, 1290-1297, 1534-1826, 1831-4587.

Document Request No. 4:

All contracts, revised contracts, agreements, modifications, addenda, and amendments to solicitation relating to the project.

Response:

Documents responsive to this request are produced herein at Bates Nos. 1-1012, 1290-1297, 1534-1826, 1831-4587.

Document Request No. 5:

All documents which comprise the contract between you and Maropakis including all documents which reference or are related to the contract.

Response:

Documents responsive to this request are produced herein at Bates Nos. 1-1012, 1290-1297, 1534-1826, 1831-4587.

Document Request No. 6:

Any and all documents relating to the specifications for the windows. This includes but is not limited to all correspondence with Maropakis, testing information, all correspondence with your window consultant, or any other entity, all documents relating to the preparation of the specifications, and any other alternative specifications considered and/or ordered during the building phase.

Response:

Documents responsive to this request are produced herein at Bates Nos. 1-1012, 1290-1297, 1534-1826, 1831-4587.

Document Request No. 7:

Any and all notes, correspondence, meeting minutes, schedules or other documents concerning the window specifications for the project.

Response:

Documents responsive to this request are produced herein at Bates Nos. 1-1012, 1290-1297, 1534-1826, 1831-4587.

Document Request No. 8:

Any and all documents relating to the design of the project. This includes, but is not limited to, all correspondence, copies of plans, drawings, specifications, modifications, addenda, meeting minutes, proposals, budgets, notes, reports, investigations, or other such documents.

Response:

Documents responsive to this request are produced herein at Bates Nos. 1-1012, 1290-1297, 1534-1826, 1831-4587.

Document Request No. 9:

Any and all documents evidencing your efforts to assist Maropakis with locating a window manufacturer that would conform with the specifications for the project.

Response:

Documents responsive to this request are produced herein at Bates Nos. 1831-4548.

Document Request No. 10:

Any and all documents relating to the issuance of the contract documents for bidding, including but not limited to all documents used or referred to in assembling the contract documents.

Response:

Defendant objects that this request is unduly burdensome and not likely to lead to the discovery of admissible evidence to the extent that it calls for the proprietary information of other companies or bidders. Subject to this objection, Defendant states that documents responsive to this request are produced herein at Bates Nos. 1-1012, 1534-1826, 1831-4587.

Document Request No. 11:

Any and all minutes, memoranda, agendas or notes of any periodic meetings held during the assembly of bidding documents, during issuance of the bidding document, during the evaluation of bidding documents and during the award of the project.

Response:

Defendant objects that this request is unduly burdensome and not likely to lead to the discovery of admissible evidence to the extent that it calls for the proprietary information of other companies or bidders. Subject to this objection, Defendant states that relevant documents responsive to this request are produced herein at Bates Nos. 1-1012 and 1534-1826.

Document Request No. 12:

Any and all documents relating to any communications with any window manufacturer prior to issuing the contract bidding documents, including but not limited to correspondence, specifications, meeting minutes, agendas, addenda, memoranda, statements, estimates, and schedule analysis.

Response:

Documents responsive to this request are produced herein at Bates Nos. 1831-4548.

Document Request No. 13:

Any and all documents relating to the evaluation of bids for the windows and roofing work on this project.

Response:

Defendant objects that this request is unduly burdensome and not likely to lead to the discovery of admissible evidence to the extent that it calls for the proprietary information of other companies or bidders. Subject to this objection, Defendant states that documents responsive to this request are produced herein at Bates Nos. 1-1012, 1534-1826, 1831-4587.

Document Request No. 14:

Any and all documents relating to the advertising and bidding of the project.

Response:

Defendant objects that this request is unduly burdensome and not likely to lead to the discovery of admissible evidence to the extent that it calls for the proprietary information of other companies or bidders. Subject to this objection, Defendant states that documents responsive to this request are produced herein at Bates Nos. 1-1012, 1534-1826, 1831-4587.

Document Request No. 15:

Any and all documents and backup files supporting your decision(s) to approve or deny Maropakis' Change Order Requests for the project, including but not limited to, notice letters, memoranda, or statements, including letters, materials, and schedule analysis of the impact of the changed work.

Response:

Documents responsive to this request are produced herein at Bates Nos. 1-1012, 1290-1297, 4173-4548.

Document Request No. 16:

Any and all memoranda, reports, charts, notes, working papers, or other documents and summaries thereof pertaining to any and all delays claimed by you of Maropakis' performance of work on any of its contractual obligations with regard to the project.

Response:

Documents responsive to this request are produced herein at Bates Nos. 1-1012, 1290-1297, 1534-1826, 1831-4587.

Document Request No. 17:

Any and all documents relating to and supporting your refusal to permit Maropakis to begin construction on the roof prior to the completion of the windows on the project when Maropakis was unable to find a window manufacturer that could meet the specifications.

Response:

Documents responsive to this request are produced herein at Bates Nos. 1-1012, 1290-1297, 4173-4548.

Document Request No. 18:

Any and all documents relating to the issuance of the notice to proceed for the project.

Response:

Defendant objects that this request is unduly burdensome and not likely to lead to the discovery of admissible evidence to the extent that it calls for the proprietary information of other companies or bidders. Subject to this objection, Defendant states that relevant documents responsive to this request are produced herein at Bates Nos. 1-1012 and 1534-1826.

Document Request No. 19:

Any and all memoranda and notes, including memoranda or notes of telephone conversations, relating to the compilation or preparation of the estimate of time predicted to complete the project.

Response:

Defendant objects that there was no estimate of the time needed for project completion. The contract specified that the project would be completed in 210 days and this was eventually extended to 270 days for completion. Subject to this objection, defendant states that documents regarding the planning and execution of the project are produced herein at Bates Nos. 1-1012, 1290-1297, 1534-1826, 1831-4587.

Document Request No. 20:

Any and all documents evidencing your efforts to have the paint in the window paints tested for lead.

Response:

Documents responsive to this request are produced herein at Bates Nos. 1831-4548.

Document Request No. 21:

Any and all documents justifying the Navy's decision to allow an extension of only 14 days for delay relating to the presence of lead paint.

Response:

Documents responsive to this request are produced herein at Bates Nos. 1-1012, 1290-1297, 4173-4548.

Document Request No. 22:

Any and all documents relating to the construction of the project.

Response:

Defendant objects that this request is unduly burdensome and not likely to lead to the discovery of admissible evidence to the extent that it calls for the proprietary information of other companies or bidders. Subject to this objection, Defendant states that relevant documents responsive to this request are produced herein at Bates Nos. 1-1012, 1290-1297, 1534-1826, 1831-4587.

Document Request No. 23:

All Contractor's Quality Control reports, daily logs of construction and/or other daily reports relating to the project whether prepared by the Navy or any other entity.

Response:

Defendant is unable to locate the Daily Reports that Maropakis has claimed to have turned in on this project. Repeated searches have failed to locate these reports and defendant does not know if these reports were returned to Maropakis or were lost or discarded. Subject to this objection, defendant states that documents relevant to the planning and progress of the project are produced herein at Bates Nos. 1-1012, 1290-1297, 1534-1826, 1831-4587.

Document Request No. 24:

All documents relative to the use of asphalt in place of adhesive for attachment of the roofs.

Response:

Documents responsive to this request are produced herein at Bates Nos. 1-1012, 1290-1297, 4173-4587.

Document Request No. 25:

All documents prepared in support of specifications calling for adhesive as the method of attaching the roof rather than asphalt.

Response:

Defendant objects to this request to the extent that it implies that the specifications in the solicitation and agreed to by Maropakis required justification. Subject to this objection, Defendant states that documents responsive to this request are produced herein at Bates Nos. 1-1012, 1290-1297, 4173-4587.

Document Request No. 26:

Any and all documents demonstrating the Navy's compensation to Maropakis for costs incurred by Maropakis in testing the lead paint.

Response:

Documents responsive to this request are produced herein at Bates Nos. 3613-4322, 4464-4548.

Document Request No. 27:

All schedules or documents relating to project schedules for the project.

Response:

Documents responsive to this request are produced herein at Bates Nos. 1-1012, 1290-1297, 1534-1826, 1831-4587.

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

ROBERT E. KIRSCHMAN
Assistant Director

JAMES D. COLT
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
(202) 514-7300 (tel)
(202) 307-0972 (fax)

March ___, 2005

Attorneys for Defendant

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on this ___th day of March, 2005, I caused to be served by Federal Express a copy of DEFENDANT'S RESPONSE TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS-FIRST SET, addressed as follows:

Kelly H. Decker
RHOADS & SINON, LLP
1 South Market Square
P.O. Box 1146
Harrisburg, PA 17108-1146

________________________________