Defendant's Exhibit D

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| M. MAROPAKIS CARPENTRY, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 03-2825C |
| v. | ) | |
| | ) | (Judge Baskir) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**BRIEF IN SUPPORT OF M. MAROPAKIS CARPENTRY, INC.'S MOTION TO EXTEND DISCOVERY BY AN ADDITIONAL 60 DAYS**

## I. STATEMENT OF THE CASE

Plaintiff, M. Maropakis Carpentry, Inc. ("Maropakis") initiated this matter by the filing of a Complaint on December 16, 2003 against Defendant, the United States. On February 11, 2003 and March 17, 2003 the Defendant requested extensions of time within which to respond to Plaintiff's Complaint. Plaintiff did not oppose those requests. On March 24, 2004, the Defendant filed its Answer and Counter-claim. Maropakis responded to the Counter-claim on April 13, 2004.

Pursuant to a Joint Status Report, factual discovery was to end February 1, 2004 and expert discovery was to end on April 15, 2005. In February, 2005, the Court issued an Order revising the discovery plan, thus setting a discovery deadline of May 2, 2005.[1]

On July 8, 2005, Maropakis filed a Motion for Leave to File an Amended Complaint. Defendant opposed that Motion. On September 25, 2005, the Court granted Plaintiff's Motion.

[1] On May 4, 2005 and May 31, 2005, Defendant filed a first and second Motion for Enlargement of time to file a Joint Status Report, which requests were unopposed by Maropakis.

Maropakis filed its First Amended Complaint on September 15, 2005. The Defendant filed its Answer and Counter-claim on September 29, 2005. Maropakis's response was due on October 24, 2005, but the response was filed on October 14, 2005. Therefore, the Pleadings have just closed.

In the First Amended Complaint, Maropakis alleges that the window specifications issued with the contract were defective for three principal reasons.

First, Maropakis contends that the Untied States specified a window—a P HC-40 optional performance class—which is not recognized by the industry and does not exist. The terms P HC-40 and optional performance class are incompatible.

Second, Maropakis contends that the specifications violated the applicable standards with respect to the water resistance test pressure. Specifically, the Untied States specified a water resistance test pressure of 20 psf, however, the industry recognizes a maximum water resistance test pressure of 12 psf.

Third, Maropakis contends that the specifications violated the applicable standards with respect to air infiltration standards. Specifically, the United States specified an air infiltration pressure of 0.1 psf, however a P HC-40 window has a water resistance test pressure of only 0.37 psf.

While extensive discovery has been conducted, Maropakis filed a Motion for Extension of Discovery for an additional sixty (60) days to complete factual discovery in this matter. Maropakis requested this brief period of discovery in order to more fully develop its evidence regarding the deficiencies in the window specifications provided by the United States.

Maropakis wishes to conduct additional discovery in the following discrete areas:

First, Whether the United States violated any mandatory technical standards in specifying widows identified above. Public Law 104-113, § 12(d) *Utilization of consensus technical standards by Federal Agencies*, 110 Stat. 783, enacted March 7, 1996, provided that "Federal agencies and departments shall use technical standards that are developed or adopted by voluntary consensus standards bodies. . ." A copy of this public law is attached to this Memorandum of Law as exhibit A and is incorporated by reference.

The Department of Defense subsequently promulgated MIL-STD-3007, *Standard Practice For Unified Facilities Criteria* mandating the use of certain specifications in the design of a project. A copy of MIL-STD-3007 is attached to this Memorandum of Law as exhibit B and is incorporated by reference.

The Department of Defense also subsequently enacted certain *Unified Facilities Guide Specifications* (UFGS), including UFGS Section 08520N Aluminum Windows. These specifications support the allegations in Maropakis complaint. A copy of these specifications is attached to this Memorandum of Law as exhibit C and incorporated by reference.

Maropakis wants to conduct discovery regarding whether, at the time the contract was let for bid, the United States had mandatory design specifications for windows and, assuming so, did the United States violate those mandatory design specifications in the contract documents provided to Maropakis.

Second, Maropakis wants to take discovery on whether the Untied States Navy has awarded other contracts for window replacement that contained similarly defective specifications. This consists of obtaining additional information from the United States and from its consultant about other projects where windows were replaced.

## II. QUESTION PRESENTED

WHETHER MAROPAKIS IS ENTITLED TO CONDUCT LIMITED ADDITIONAL DISCOVERY ON AN ISSUE RAISED IN THE AMENDED COMPLAINT WHERE THE PLEADINGS HAVE JUST CLOSED AND THERE IS NO PREJUDICE TO THE DEFENDANT?

Suggested Answer: Yes

## III. ARGUMENT

MAROPAKIS IS ENTITLED TO CONDUCT LIMITED ADDITIONAL DISCOVERY ON AN ISSUE RAISED IN THE AMENDED COMPLAINT WHERE THE PLEADINGS HAVE JUST CLOSED AND THERE IS NO PREJUDICE TO THE DEFENDANT

The Court exercises discretion in deciding whether to reopen discovery. *See SIL-FLO, Inc. v. SFHC, Inc., 917 F.2d 1507, 1514 (10th Cir. 1990).* In making its decision, the following factors are relevant: "(1) whether trial is imminent; (2) whether the request is opposed; (3) whether the non-moving party would be prejudiced; (4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court; (5) the foreseeability of the need for additional discovery in light of the time allowed for discovery; and (6) the likelihood that the discovery will lead to relevant evidence." *Id.* (quoting *Smith v. United States*, 834 F.2d 166, 169 (10th Cir. 1987)).

In this case, all factors weigh in favor of re-opening discovery. First, the pleadings just closed on Friday and Summary Judgment Motions have not been filed. Although Defendant has indicated that it opposes re-opening discovery, it has articulated no reason other than a conclusory statement that it will be prejudiced.

Prejudice, has been defined as referring to the inherent unfairness--in terms of delay, expense, or damage to a party's legal position. *See Doctor's Assocs. v. Distajo*, 107 F.3d 126, 133 (1997). Prejudice has also been defined as "undue difficulty in prosecuting a lawsuit as a

result of a change in tactics or theory on the part of the other party." *Dealkyne v. Commissioners of Lewes*, 416 F2d 290, 300 (3rd Cir. 1969). While the Defendant has indicated that it will oppose Plaintiff's request for limited, additional discovery, on the basis of prejudice, it is unable to articulate any prejudice. This is because there is no prejudice to the Defendant.

To the contrary, the United States is well aware of the issues upon which Maropakis seeks discovery. Those issues were raised in a Motion for Leave to file an Amended Complaint and in the Amended Complaint, itself. Moreover, Maropakis does not seek an open ended extension of the discovery deadline, nor does it seek an extension to conduct unlimited additional discovery. To the contrary, it seeks a finite extension for a limited purpose - to further establish and bolster is arguments about the deficiencies in the window specifications. The limited discovery sought, as outlined above, is merely unappealing to the Defendant to the extent it would allow Plaintiff to further establish and bolster its claims. The discovery process has never been interpreted by the Courts as a means of precluding newly discovered, relevant evidence. Therefore, any prejudice argument on the part of the Defendant must fail.

Other factors weighing in favor of granting a limited extension in which to conduct discovery are that Defendants requested and were granted four (4) uncontested extensions, while this is Plaintiff's first request; and that Plaintiff has diligently pursued discovery, including from third parties. It is Plaintiff's diligence in pursuing its claims, rather than dilatoriness, which has resulted in the need for this limited additional discovery. In addition to conducting its own discovery, Plaintiff has appropriately responded to all of Defendant's discovery requests.

Should the Court grant this request, it is not anticipated that there would be any need for additional discovery. Plaintiff has requested that <u>both</u> parties be granted additional time to explore the sole issue of the window specifications. Sixty (60) days provides ample time for

both parties to fully explore that issue. Moreover, the information discovered would clearly lead to the production of relevant evidence as it goes to a central issue in the case, whether the specifications were improperly or illegally developed. Thus, in the absence of prejudice to the Defendant and the potential injustice to the Plaintiff if discovery is not permitted, this Court should grant the requested extension. *See Howze v. Jones & Laughlin Steel Corp.*, 750 F.2d 1208, 1212-13 (3d Cir. 1984).

## IV. CONCLUSION

Having adequately established that Plaintiff has not acted in a dilatory manner in pursuing its discovery, that newly discovered information recently made additional discovery necessary, that the additional discovery will not delay the progress of this matter, and that the Defendant will not be prejudiced by the limited discovery requested, the Court should exercise its sound discretion and grant the requested extension to conduct discovery. To deny such a request would have the potential of preventing the introduction of evidence relevant to the claim in the case. As such, M. Maropakis Carpentry, Inc. respectfully requests that this Court grant its Motion.

Respectfully submitted,

RHOADS & SINON LLP

By: s/David W. Francis

David W. Francis
Kelly H. Decker
One South Market Square
P. O. Box 1146
Harrisburg, PA 17108-1146
(717) 233-5731

Attorneys for Plaintiff

Date: October 17, 2005

**CERTIFICATE OF SERVICE**

I hereby certify that on this 17th day of October, 2005, a true and correct copy of BRIEF IN SUPPORT OF M. MAROPAKIS CARPENTRY, INC.'S MOTION TO EXTEND DISCOVERY BY AN ADDITIONAL 60 DAYS was filed electronically. I understand that notice of this filing will be sent to all parties of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/David W. Francis
David W. Francis