**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| M. MAROPAKIS CARPENTRY, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 03-2825C |
| v. | ) | (Judge Baskir) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S RESPONSE TO PLAINTIFF'S SUPPLEMENTAL BRIEF

Pursuant to the Court's June 12, 2008 order, defendant, the United States, respectfully submits this response to plaintiff's supplemental brief. At oral argument on plaintiff's motion for summary judgment and defendant's motion to dismiss and cross-motion for summary judgment, plaintiff's counsel raised several arguments that had not been previously briefed and requested additional briefing. Plaintiff, M. Maropakis Carpentry, Inc. ("Maropakis"), filed its supplemental brief on June 26, 2008. Its supplemental brief does not present any new argument that differs from the arguments it raised in previous briefing, and its arguments remain without merit. Accordingly, for the reasons given below and given in our previous briefs, this Court should grant our motion to dismiss and cross-motion for summary judgment.

## ARGUMENT

### I. This Court Lacks Jurisdiction To Consider Maropakis' Claims Of Government-Caused Delay And Breach of Contract Because Those Claims Were Never Presented To The Contracting Officer For A Final Decision

Maropakis has the right to appeal the contracting officer's final decision of December 20, 2002, DA 365-66, assessing liquidated damages and withholding the contract balance for the payment of liquidated damages; however, where Maropakis seeks to challenge the assessment of those damages because it alleges that the Government caused delay or breached the contract, that presents a contractor claim that must first be brought to the contracting officer, pursuant to the Contract Disputes Act ("CDA"), 41 U.S.C. § 605(a), before this Court possesses jurisdiction to consider those claims pursuant to 41 U.S.C. § 609(a). Maropakis can appeal the contracting officer's final decision to this Court and argue that liquidated damages should not have been assessed because there was no delay, or there was an error in the contracting officer's calculation of the number of days of delay, or the liquidated damages provision constituted an unenforceable penalty. However, where Maropakis argues that it should have been granted a time extension because of Government-caused delay and breach of contract, Maropakis is seeking to modify the terms of the contract. "Where . . . the contractor seeks to contest the assessment of liquidated damages by claiming entitlement to time extensions or other relief, the court is presented with a claim by

the contractor against the government and that must first be presented to the [contracting officer]." Elgin Builders, Inc. v. United States, 10 Cl. Ct. 40, 44 (1986). A time extension request based upon allegations of Government-caused delay and breach of contract constitutes a contractor claim against the Government, which must be presented to the contracting officer, requesting a sum certain, and requesting a final decision. See Ace Constructors, Inc. v. United States, 70 Fed. Cl. 253, 266 (2006). Additionally, for claims requesting payment of more than $100,000, the contractor must certify the claim in the manner specified in the CDA. See 41 U.S.C. § 605(c). Because Maropakis has failed to meet these jurisdictional requirements, this Court does not possess jurisdiction to entertain Maropakis' claims of Government-caused delay and breach of contract.

Maropakis' letter to the Department of the Navy ("Navy") dated August 20, 2001, did not request a final decision, did not state a sum certain, was not certified, and did not request a time extension equivalent to the total number of days that the project was delayed. Maropakis completed the project 467 days past the contract completion deadline. CSUF ¶ 12.[1] Maropakis' August 2001 letter requested a

[1] "CSUF__" refers to the parties' consolidated statement of uncontroverted facts, filed on April 17, 2008. "DA__" refers to defendant's appendix, filed on March 7, 2008. "Pl. Suppl. Br.__" refers to plaintiff's supplemental brief, filed on June 26, 2008. "Am. Compl.__" refers to plaintiff's amended complaint, filed on September 15, 2005. "Pl. Mot.__" refers to plaintiff's motion for partial summary judgment, filed on December 14, 2006.

447-day time extension. CSUF ¶ 16; DA 371-74. Although the August 2001 letter requested some specific time extensions for various allegations of Government-caused delay, there are some allegations where specific time requests were missing and no sum certain was ever requested. For example, although Maropakis requests a 187-day time extension for time it spent searching for a window manufacturer, it does not indicate how long it was delayed by the Navy's refusal to allow it to begin roof work prior to the new window installation. DA 371-73. It also requests a time extension of 101 days (included within its 447-day total request) for time spent searching for a metal fabricator, a claim which is not before this Court. DA 374. These inconsistencies demonstrate that the August 20, 2001 letter does not constitute a claim for a final decision for a sum certain pursuant to the requirements of the CDA.

The conclusion that the August 20, 2001 letter is not a "claim" under the CDA is further supported by the Navy's response to this letter, dated August 28, 2001, which denied the time extension request for insufficient justification, but invited Maropakis to request a final decision from the contracting officer and submit additional information. DA 369-70. It stated that it was not a final decision of the contracting officer. DA 370. Additionally, Maropakis' own summary of its "claim" states that the parties were still negotiating and Maropakis was still submitting information to the contracting officer as late as October 2002.

Pl. Suppl. Br. at 2.

For similar reasons, Maropakis' July 22, 2002 letter disputing the assessment of liquidated damages cannot be considered a "claim" for Government-caused delay under the CDA. The only issue of Government-caused delay even mentioned in that letter is the discovery and removal of lead paint. DA 802. The July 22, 2002 letter does not request a sum certain or request a final decision from the contracting officer. Id. Also, according to Maropakis' timeline of events, the parties met after this date to negotiate. Pl. Suppl. Br. at 2.

Maropakis' amended complaint before this Court seeks damages for the Government's breach of contract, Government-caused delay, and the remission of liquidated damages. Am. Compl. at pgs. 8-9.[2] With the exception of requesting the remission of liquidated damages because the liquidated damages provision constitutes an unenforceable penalty, Maropakis does not present a claim within this Court's jurisdiction. Failure to submit a claim in accordance with the provisions of the CDA deprives this Court of jurisdiction. Tecom, Inc. v. United States, 732 F.2d 935, 937 (Fed. Cir. 1984).

---

[2] In its supplemental brief, Maropakis attempts to rely upon its original complaint, rather than its amended complaint. Pl. Suppl. Br. at 3. Such reliance is improper because its amended complaint superceded its original complaint. Gould, Inc. v. United States, 29 Fed. Cl. 758, 759 n.1 (1993) ("An amended complaint entirely supercedes and replaces the original complaint . . . Unless the original complaint was incorporated into the amended complaint (which is not the case here), the former cannot be used to aid the latter.") (citations omitted).

The Federal Circuit's decision in Placeway Construction v. United States, 920 F.3d 903 (Fed. Cir. 1990) and this Court's decision in Roxco, Ltd. v. United States, 77 Fed. Cl. 138 (2007), do not stand for the proposition that plaintiffs can appeal the assessment of liquidated damages by alleging claims of Government-caused delay and breach of contract without first presenting those claims to the contracting officer. Those cases merely stand for the proposition that a contractor can appeal the Government's assessment of liquidated damages and retention of the contract balance after the contracting officer issues a final decision on the Government claim. See Placeway, 920 F.2d at 907; Roxco, 77 Fed. Cl. at 148.

In Roxco, like in this case, the Government set off the assessment of liquidated damages against the remaining contract balance. See Roxco, 77 Fed. Cl. at 140; DA 367-68. The Court held that the plaintiff could request the contract balance when it appealed the contracting officer's final decision on liquidated damages. 77 Fed. Cl. at 148. The plaintiff in that case also requested damages for various claims of Government-caused delay. Id. at 140. However, before the contracting officer issued his final decision on liquidated damages, the plaintiff had submitted a request for equitable adjustment ("REA") to the contracting officer pursuant to the CDA. Id. Therefore, the Government did not contest the Court's jurisdiction over plaintiff's claims of Government-caused delay.

In this case, the contracting officer issued a final decision on the

Government claim. DA 365-66. Maropakis can appeal this decision and argue that the Government did not properly compute the delay on the project or that the liquidated damages provision was an unenforceable penalty; however, where Maropakis seeks to challenge the assessment of liquidated damages based upon claims of Government-caused delay and breach of contract, those are contractor claims, which must first be presented to the contracting officer for a final decision and must be certified if they total more than $100,000. See Sun Eagle Corp. v. United States, 23 Cl. Ct. 465, 477, 482 (1991); Elgin Builders, 10 Cl. Ct. at 44. Because Maropakis has failed to present its claims of Government-caused delay and breach of contract to the contracting officer pursuant to the requirements of the CDA, those claims must be dismissed by this Court.

## II. Maropakis Has Failed To Show That The Liquidated Damages Clause In The Contract Was An Unenforceable Penalty

When the Government moves for summary judgment upon the assessment of liquidated damages, it is the plaintiff that has the burden to allege, and ultimately prove, facts that show that the liquidated damages clause operates as a penalty. DJ Mfg. Corp. v. United States, 33 Fed. Cl. 357, 359 (1995). The party attacking the liquidated damages clause bears the burden of proving that there is "no reasonable correlation between the amount of liquidated damages and the probable loss to the government as a result of delay in performance." Id. (citation omitted).

Maropakis has failed to meet this burden. Maropakis alleges that the building was in use during its construction project (citing DA 103); however, that allegation alone is not sufficient to demonstrate that the Government suffered no damage during the 467-day delay of performance. Because the amount of damages was difficult to predict at the time of contract formation, the Navy reasonably relied upon its contracting manual, the NAVFAC P-68, to determine the proper amount of liquidated damages to include in the contract. DA 451-53; see also Safeco Credit & Fraley Assocs., Inc. v. United States, 44 Fed. Cl. 406, 412 (1999). The Government does not have to demonstrate actual damages to properly assess liquidated damages. See Mega Constr., Inc. v. United States, 29 Fed. Cl. 396, 503 (1993). Even if the building remained in use during contract performance, there may still have been damage because of the delay of performance. For example, the old roof could have leaked on the items stored in the building while the Navy was waiting for Maropakis to begin its work on the project. Maropakis has failed to meet its burden to show that the liquidated damages provision was an unenforceable penalty. Therefore, the Government is entitled to summary judgment upon its assessment of liquidated damages.

## III. The Navy Reasonably Insisted Upon Compliance With The Contract

The Navy reasonably insisted upon compliance with the contract requirements. For the monitor windows, the Navy could require windows that met

testing requirements more stringent than the industry standards. Ralph Larson & Son, Inc. v. United States, 17 Cl. Ct. 39, 46 (1989). The windows supplied by Maropakis went above and beyond the requirements of the AAMA 101, and they met the requirements of the specifications. CSUF ¶ 71, 75. Additionally, the specifications explicitly stated that the windows were to comply with the performance and testing requirements of the AAMA 101 "except as otherwise indicated." DA 287; CSUF ¶ 39.

The Navy also reasonably insisted that Maropakis comply with the contract's sequence of events, which required the installation of the new windows before the replacement of the roof systems. DA 67, 104. Because Maropakis' requests to begin the roof work prior to window installation never indicated that it would only perform roof work upon the roofs above the monitor windows, DA 403, 405, the Navy reasonably denied their requests. See Blake Constr. Co. v. United States, 28 Fed. Cl. 672, 688 (1993) ("the government has the right to insist on compliance with the contract specifications").

The Navy reasonably prohibited Maropakis from using asphalt. See DA 15. Maropakis never requested a contract variance, pursuant to contract procedures, that would permit it to use asphalt. See DA 118-19. The approval of submittals does not relieve the contractor of its contractual obligations. Fru-Con Constr. Corp. v. United States, 42 Fed. Cl. 94, 97 n.1 (1998) (citations omitted).

## IV. A Critical Path Analysis Is Required To Demonstrate That The Government Was Responsible For The Delay Caused By The Discovery Of Lead Paint

Maropakis has failed to allege that the discovery of lead paint affected activities on the critical path, which is required to recover damages for Government-caused delay. See Am Compl. ¶¶ 32-36; Pl. Mot. at 20.

Maropakis must show that the Government's actions affected activities on the critical path of Maropakis' performance of the contract. Kinetic Builder's Inc. v. Peters, 226 F.3d 1307, 1317 (Fed. Cir. 2000). "'The reason that the determination of the critical path is crucial to the calculation of delay damages is that only construction work on the critical path had an impact upon the time in which the project was completed.'" Wilner v. United States, 24 F.3d 1397, 1399 n.5 (Fed. Cir. 1994) (en banc) (citation omitted).

Maropakis has failed to show that the discovery of lead paint had an impact upon the time in which the project was completed (beyond the time extension already granted by the Navy). In fact, evidence in the record demonstrates that other items may have been on the critical path, and Maropakis' failure to timely submit or complete these items may have delayed the project. See DA 415. Accordingly, Maropakis is not entitled to judgment as a matter of law that it is entitled to an additional time extension due to the discovery of lead paint.

CONCLUSION

For the foregoing reasons, and upon the basis of our previously submitted briefs, this Court should grant our motion to dismiss and our motion for summary judgment.

Respectfully submitted,

GREGORY G. KATSAS
Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/Donald E. Kinner
DONALD E. KINNER
Assistant Director

s/Dawn S. Conrad
DAWN S. CONRAD
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit, 8th Floor
1100 L Street, NW
Washington, D.C. 20530
Tel: (202) 616-2279
Fax: (202) 305-7643

Attorneys for Defendant

OF COUNSEL:

JOSHUA D. HARVEY
Trial Attorney
Department of the Navy
Naval Facilities Engineering Command
720 Kennon Street, SE
Washington Navy Yard, D.C. 20374

July 11, 2008

CERTIFICATE OF SERVICE

I certify under penalty of perjury that on this 11th day of July, 2008, a copy of the foregoing "DEFENDANT'S RESPONSE TO PLAINTIFF'S SUPPLEMENTAL BRIEF" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Dawn S. Conrad